In the Matter of the Application of PHILIP S. MCNALLY, Appellant, Respondent, against AMY B. YOUNGS and EDITH YOUNGS, Respondents, Appellants, for an Order to Determine the Amount of and to Enforce His Lien as Attorney for AMY B. YOUNGS and EDITH YOUNGS, in an Action in the Supreme Court, New York County, Wherein ORA G. LAWBAUGH Is Plaintiff and GRACE A. SWEENEY, AMY B. YOUNGS and EDITH YOUNGS and Others Are Defendants.*

First Department, March 10, 1933.

*William M. Kilcullen* of counsel [*Harry Pfeffer* with him on the brief; *William M. Kilcullen*, attorney], for the petitioner.

*Gustav Lange, Jr.*, for the defendants.

TOWNLEY, J. The petitioner is entitled to have determined in this special proceeding the amount of his lien in accordance with

* Appeal dismissed, 262 N. Y. —.

the opinion of the Court of Appeals in *Matter of Tillman* (259 N. Y. 133).

The Special Term was without power to order petitioner McNally to turn over the papers in the case to the substituted attorney prior to the determination of the petitioner's claim for compensation. The general or retaining lien which an attorney has is dependent upon possession. A delivery of possession by the attorney will necessarily destroy the lien. The Court of Appeals in *Robinson* v. *Rogers* (237 N. Y. 467) squarely held that, regardless of prior practice, the Special Term is without power to direct the surrender of papers, securities or moneys coming into the possession of the attorney and belonging to the client upon the substitution of some other form of security. The court said that the Special Term has no jurisdiction to declare property subject to a statutory lien free from such lien.

The attempted substitution recognized by the order herein was ineffective. The stipulation did not contain the consent of the retiring attorney, McNally, as required by rule 56 of the Rules of Civil Practice. No effective substitution of attorneys had been made which could be validated by the order appealed from.

The order appealed from should be modified by striking therefrom the passages referred to in this opinion and by inserting therein a provision directing the delivery of all papers and documents relating to the action to the respondents Amy B. Youngs and Edith Youngs on payment of the amount of the petitioner's lien as determined by the referee, and a provision that, upon such payment being made, Gustav Lange, Jr., be substituted as attorney for such respondents, and as so modified affirmed, with twenty dollars costs and disbursements to the petitioner.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, with twenty dollars costs and disbursements to the petitioner. Settle order on notice.