MAX LEWY and Others, Respondents, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Defendant, and MAXWELL M. BOOXBAUM, Appellant.

Supreme Court, Appellate Term, First Department, May 24, 1934.

*Maxwell M. Booxbaum [Frederick E. Weinberg* of counsel], appellant in person.

*M. Arthur Helfhat,* for the respondents.

PER CURIAM. A client has the absolute right to discharge his attorney with or without cause, notwithstanding the existence of a contract of retainer providing for a fixed or contingent fee. Where the attorney is discharged without cause, he is entitled to the fair and reasonable value of the services actually rendered by him, and it is improper in such case over objection to fix the value of the attorney's services on the basis of a contingent fee dependent upon the outcome of the suit. (*Matter of Dunn,* 205 N. Y. 398; *Martin* v. *Camp,* 219 id. 170; *Matter of Krooks,* 257 id. 329; *Matter of Tillman,* 259 id. 133.)

On the termination of the contract of retainer a cause of action for the reasonable value of his services immediately accrues to the discharged attorney. He is entitled, on the termination of his employment, to have the value of his services and the amount of his lien fixed. The substitution, however, is not to be conditioned upon the payment by the client of the amount determined to be the value of the attorney's services. (*Matter of Lydig,* 262 N. Y. 408.) The order of substitution should be without prejudice to or interference with any lien which the discharged attorney has upon the papers of the client in the pending suit or in any other cause and upon the cause of action in which he was retained or the proceeds thereof. Papers in the action belonging to the client may be directed to be turned over upon payment of the amount of the attorney's general or retaining lien on the furnishing of proper security therefor. (*Robinson* v. *Rogers,* 237 N. Y. 467.)

Order modified by striking out so much thereof as fixes the amount of the attorney's lien, and by providing that testimony

be taken with respect to the fair and reasonable value of the services rendered by the attorney to the date of the termination of his retainer and fixing the amount of his lien therefor, and as modified affirmed, with ten dollars costs and disbursements to appellant, and matter remitted to the court below.

All concur; present, HAMMER, CALLAHAN and SHIENTAG, JJ.