FRED HAUSVATER, Plaintiff, *v.* WIKLER & DIAMONT, INC., and Others, Defendants.

City Court of New York, Bronx County, February 20, 1935.

*Julius R. Stein,* for the motion.

*Junius P. Abramson,* opposed.

DONNELLY, J. There are two motions before me — one by plaintiff's attorney of record to resettle the order heretofore made herein; to conform to the order and decision herein; the other, by plaintiff's proposed attorney to reargue, and, upon such reargument, to modify the decision to the extent of permitting plaintiff an unconditional substitution of attorneys and directing the retiring attorney to turn over any papers that may be necessary for the " further prosecution of this action."

When the matter was before me originally on a motion for the substitution of attorneys, both parties assented to the fixation

by the court of the fair and reasonable value of the substituted attorney's services. Upon that motion there was entered a short form order, which reads: " Upon the foregoing papers, this motion is granted, upon condition that within five days after service of a copy of this order, the plaintiff pay to the attorney whose substitution is sought herein, the sum of $150, which is hereby fixed as the fair and reasonable value of such attorney's services. Upon the payment to said attorney of said sum he will deliver to plaintiff all papers and records in the within action in his possession. Settle order on two days' notice."

In *Matter of Lydig* (262 N. Y. 408, 409) it was held: " A client has an absolute right to discharge his attorney with or without cause at any time so that we must grant the motion for substitution and make the order accordingly." While it may be conceded that the substitution is not to be conditioned upon the payment by the client of the amount determined to be the value of the attorney's services (*Lewy* v. *Union Ry. Co.*, 151 Misc. 724, citing *Matter of Lydig, ante*), I do not understand the courts to have gone so far as to decide that the order of substitution may not provide that, before the retiring attorney turn over the papers in his possession, he first be paid the value of his services. Nor do I agree that the best the court can do in a situation such as exists at bar, is to give to the attorney his charging lien upon the cause of action and turn him out with the assurance that he may, as soon as the amount of his fee is fixed, institute an action against his former client to recover his fee. " Since the discharged attorney, on the termination of the contract of retainer, is at once entitled to enforce his claim by action, he need not in a proceeding to fix the amount of his lien, ' be compelled to await the outcome of the litigation from which he has been displaced.' (*Matter of Tillman,* 259 N. Y. 133, 136.) The discharged attorney is entitled on the termination of his contract to have the reasonable value of his services determined by the court and his lien fixed therefor." (*Bloom* v. *Irving Trust Co.*, 152 Misc. 50, bottom of p. 52.) The client's right to control his retainer does not permit him to cheat his attorney. If the attorney shall be paid the reasonable value of his services, no cheating will occur. (*Matter of Krooks,* 257 N. Y. 329, 332.) In *Robinson* v. *Rogers* (237 N. Y. 467, 471) the court said that it had assumed the existence of the power, on a motion for the substitution of attorneys, to compel the delivery of papers before payment of the attorney's fees, upon the giving of security, citing *Matter of Dunn* (205 N. Y. 398). In *Matter of Dunn* (*ante*) it was held: " The courts will not enforce the substitution of attorneys, where the first attorney is without

fault, unless the amount due the attorney for his services and expenditures is either paid or secured." In the *Dunn* case it was also held that if the attorney has refused without just cause to proceed with the prosecution of the case, he forfeits his lien on the papers in the suit by his voluntary withdrawal. At bar there was no voluntary withdrawal by the attorney whose substitution is sought. Quite the contrary appears. The client, for reasons which have no other apparent foundation than dissatisfaction, insists upon his attorney's expulsion. To grant the substitution is one thing. The terms upon which the substitution will be enforced is quite another. Any doubt about the court's power to refuse to *enforce* the substitution of attorneys, except in a proper case, upon payment of the attorney's fees, seems to be set at rest in *Matter of McNally* v. *Youngs* (237 App. Div. 787, 788, First Dept.; appeal dismissed, 262 N. Y. 526) where the court held: " The order appealed from should be modified by * * * inserting therein a provision directing the delivery of all papers and documents relating to the action to the respondents * * * on payment of the amount of the petitioner's lien as determined by the referee, and a provision that, upon such payment being made, Gustav Lange, Jr., be substituted as attorney for such respondents."

The proposed attorney urges, in substance, the immediate necessity for the delivery to plaintiff of the papers in the action, for the further prosecution thereof. The action was prosecuted to judgment by the attorney whose substitution is demanded. It is difficult to reconcile the claim of immediate necessity for the delivery of the papers with the provision in the order submitted by the new attorney, that payment of the retiring attorney's fee be made five days after a demand by plaintiff for the papers. Under such an order, the demand may be made whenever plaintiff may choose. Nor am I favorably impressed with the plea made by the new attorney, who, in his affidavit, alleges that plaintiff is financially unable to pay the fee fixed by the court as the fair and reasonable value of the retiring attorney's services. No affidavit is submitted by plaintiff on the subject of his financial inability to pay. And no contradiction is offered of the statement in the retiring attorney's affidavit that the fee of the new attorney for making the application for the substitution has been paid by plaintiff.

The motion by plaintiff's attorney of record to resettle the order heretofore made herein is granted, but the long form order to be entered hereon will have to comply with the decision now rendered. Settle order on two days' notice. The motion by plaintiff's proposed

attorney to reargue is granted, and, upon such reargument, said attorney's motion to modify the decision heretofore made herein, to the extent of permitting plaintiff an unconditional substitution of attorneys and directing the retiring attorney to turn over all papers that may be necessary for the further prosecution of this action, is denied.