THOMAS P. FITZSIMMONS and Others, Suing as Preferred Stock-holders of LONG ISLAND LIGHTING COMPANY, a Corporation, on Behalf of Themselves and All Other Stockholders Similarly Situated, Individually and in the Right of Said Long Island Lighting Company, Plaintiffs, *v.* LONG ISLAND LIGHTING COMPANY and Others, Defendants.

THOMAS P. FITZSIMMONS, Appellant; FRANKLIN S. WOOD, Respondent.

First Department, June 11, 1937.

*John L. Flynn* of counsel [*Charles J. Rodgers*, attorney], for the appellant.

*Franklin S. Wood* of counsel [*Paul A. Crouch* and *Clarence Fried* with him on the brief], for the respondent.

CALLAHAN, J.   The notice of motion asked for an order substituting Charles J. Rodgers, Esq., in the place of Franklin S. Wood, Esq., as attorney for Thomas P. Fitzsimmons, one of the plaintiffs in this action, and directing Franklin S. Wood, Esq., to deliver to the substituted attorney five shares of Long Island Lighting Company six per cent preferred stock Series B, owned by plaintiff Fitzsimmons and held by Wood in escrow, together with the records and papers in this case, or a copy of the same, and for such other and further relief as to the court may seem just.

Fitzsimmons' affidavit shows that this is a stockholders' derivative action brought by the plaintiff and others similarly situated to prevent the defendants from cheating and defrauding the Long Island Lighting Company and its preferred stockholders, and to prevent defendants from further misappropriation and diversion of the assets, etc., for their own benefit and to their own use, to the damage of defendant Long Island Lighting Company and of the plaintiffs and other preferred stockholders; that the other parties named as plaintiffs were primarily instrumental in the selection of Mr. Wood as the attorney for Fitzsimmons; that on May 16, 1934,

he indorsed five shares of stock for the purpose of insuring the uninterrupted prosecution of this action which he desired to have delivered to Charles J. Rodgers, Esq., in the event of the granting of an order of substitution, together with the copies of the records and papers in this case, or, in the alternative, to permit Mr. Rodgers to make copies of the same. The affidavit contains no criticism of Mr. Wood's services.

The opposing affidavit of Attorney Wood sets forth the various services he has performed in behalf of Fitzsimmons and his coplaintiffs for a period of two years; admits that there was no written contract of retainer by Mr. Fitzsimmons, but states at the time of retainer it was the general understanding that fees in the matter would await an allowance by the court to the plaintiff's attorney; that the reasonable value of his services was $12,000, of which Mr. Fitzsimmons' *pro rata* share would be $4,000. It asks that the court should fix the reasonable value of the services rendered by Wood and his associates at $4,000 and require the payment of this, plus $346.04 disbursements as a condition of effecting a substitution and discharging his lien upon the five shares of stock and the records and papers in suit.

The reply affidavit of plaintiff Fitzsimmons states that Mr. Wood said to him that it would cost him nothing; that he would not be subject to the payment of any disbursements or any other court costs, but that upon the conclusion of the trial of the action the court would fix Wood's fee and the fee of his associates, which would be paid by the defendants; that it was only because of this representation that he (Fitzsimmons) signed the verified complaint.

Special Term granted the motion and made an order adjudging that Franklin S. Wood, Esq., have a lien upon all property of plaintiff in Wood's possession to the extent of the reasonable value of his services rendered to plaintiff, referring the matter to an official referee to hear and report the reasonable value of Wood's services, and upon the coming in of the referee's report and the discharge of the attorney's lien by the payment to Wood of the amount adjudged by the order, that Charles J. Rodgers be substituted as attorney for plaintiff Fitzsimmons.

Plaintiff contends that the court erred because, in referring the motion to an official referee it limited the same to the determination of the reasonable value of the services rendered by Attorney Wood; that the court should have granted the motion unconditionally in view of the statements contained in the affidavits submitted by both sides, or, in the alternative, should have referred the motion to an official referee to hear and report on the question of whether or not there was a legal and valid retainer, which is not restrained

by law, entered into between plaintiff and the attorney Wood. Plaintiff also contends that the agreement made by Wood with him was champertous and in violation of rule III of the Special Rules of the Appellate Division, First Department, and in violation of Penal Law, section 274, subdivision 2.

Plaintiff finally contends that Wood is not entitled to have a lien on his property nor is he entitled to a fee on a *quantum meruit* basis, nor is he entitled to a *pro rata* share of the disbursements expended to date, because there was no agreement on plaintiff's part to pay Wood a fee. He asks that the order be reversed and Charles J. Rodgers be substituted unconditionally as attorney for the plaintiff, or, in the alternative, that the order should direct that the official referee hear and report whether or not the agreement between plaintiff and the attorney was champertous and in violation of law.

The court, when it referred the motion to the official referee, did not err in limiting the same to the determination of the reasonable value of the services rendered by Attorney Wood. From the affidavits it was clear that the relationship of attorney and client existed between plaintiff and Franklin S. Wood. It is true that it was represented to plaintiff that he would not be subject to the payment of any disbursements or any other court costs, but this was clearly conditioned on the understanding that the attorney would be permitted to bring the cause to a successful conclusion and have his fees fixed by the court. In other words, the attorney agreed to act as attorney for plaintiff and to render services beneficial to plaintiff, and that he would look for his compensation for the rendition of such services by bringing this case to a successful conclusion and having his fees fixed by the court. The plaintiff impliedly agreed that if he accepted the benefit of the attorney's services he would not do anything to interfere with his completing performance and obtaining his just compensation therefor so long as the attorney properly performed his contract; and, if the plaintiff wanted a substitution of attorneys before the completion of the original attorney's services, the original attorney was entitled to the reasonable value of his services rendered for plaintiff's benefit.

It was not erroneous for the court to refuse to refer the motion to the official referee to hear and report on the question of whether or not there was a legal and valid retainer. Plaintiff concedes that he commenced the litigation at the suggestion of his coplaintiff and fellow stockholder, O'Reilly. There was no inducement by Wood to commence litigation; no offer by him of a consideration to induce the client to sue. Under such circumstances there was nothing to indicate that the contract was champertous.

It was error, however, to condition the granting of the substitution of attorneys upon the payment by the client of the amount determined to be the value of the attorney's services. (*Matter of Lydig*, 262 N. Y. 408; *Lewy* v. *Union R. Co. of New York City*, 151 Misc. 724; *Bernstein* v. *Suchoff*, 242 App. Div. 784.)

The order of substitution should be granted without prejudice to or interference with any lien which the discharged attorney has upon the papers or property of the client in the attorney's possession in connection with the pending suit or in any other matter and upon the plaintiff's interest in the cause of action in which he was retained or the proceeds thereof. The attorney should be adjudged to have a lien for the value of his services as fixed by the official referee. Papers in the action belonging to the client and property delivered to the lawyer for the purposes of the action may be directed to be turned over upon payment of the amount of the attorney's lien or on the furnishing of proper security therefor. (*Robinson* v. *Rogers*, 237 N. Y. 467.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted to the extent indicated.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted to the extent indicated.