■ BETTY MYERS, Respondent, v. JOHN MYERS, Defendant. MORTON M. BASS, Appellant.— In granting the motion of plaintiff wife in this separation

action for the substitution of attorneys, and directing the former attorney, upon indorsement to him of a check for $1,750, to turn over the file in his possession, Special Term failed to state whether the attorney's lien for services was being fixed in that amount. (See *Matter of McNally* v. *Youngs,* 237 App. Div. 787.) The sum of $1,750 previously awarded to plaintiff wife as a partial counsel fee on her motion for temporary alimony was not an evaluation of services already rendered, but a payment to enable her to maintain the suit through trial, the "balance, if any" to be fixed by the Trial Justice. When she discharged her attorney before the trial, he was entitled to have his lien for the fair and reasonable value of his services rendered to that date fixed on a *quantum meruit* basis (*Matter of Montgomery,* 272 N. Y. 323; *Brown* v. *Brown,* 272 App. Div. 936). The amount allowed for counsel fees on the motion for temporary alimony cannot by itself be taken as the measure of the value of the services rendered, since it was merely a partial payment until counsel fees for all services should be fixed after trial. It may be that such sum would compensate the attorney completely for services rendered, or it may be grossly excessive or entirely inadequate. The order appealed from does not reflect either the evaluation of the attorney's services or the fixation of his lien. Order unanimously modified to the extent of remanding the matter to Special Term to fix the amount of the attorney's lien upon the basis of the value of the services he had rendered up to the time of his discharge. Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.