■ FRANK P. MARRELLO et al., Respondents, v. FRED P. CAPUTO et al., Appellants. SALVA J. SUMMA et al., Respondents.— In an action for dissolution of a partnership, defendants appeal from two orders, entered April 23, 1956, which fixed the fee of defendants' attorney, directed that said fee be paid as a condition precedent to substitution of new attorneys for defendants, and denied defendants' application to be relieved of a stipulation entered into on November 21, 1955 between the parties and their attorneys. Orders reversed, without costs, and applications remitted to Special Term for further proceedings not inconsistent herewith. It was erroneous to impose, as a condition precedent to substitution of attorneys, the requirement that the fee of the replaced attorney be paid. (*Bernstein* v. *Suchoff,* 242 App. Div. 784; *Fitzsimmons* v. *Long Is. Lighting Co.,* 251 App. Div. 395.) It would be proper to impose reasonable conditions for the protection of the retaining and charging liens of the replaced attorney. (*Friedman* v. *Gordon,* 260 App. Div. 1023, affd. 285 N. Y. 630.) The stipulation is so ambiguous, in its terms, that it should not be enforced. Although it provided for the settlement and discontinuance of the action, it does not, in fact, accomplish that purpose. Despite the stipulation, the action is still pending and subject to future and further disposition by the court. We are unable to determine what the provision which states that the "Receiver shall have an accounting of the affairs of the said partnership" was intended to mean or to accomplish. It is obviously straining this language to say that it means only that the receiver shall account for the performance of his own duties and for money or property which shall come into his possession. All defendants assert that they understood it to mean, and were so advised, that there should be an accounting by

each party to the action. Moreover, as a result of the enforcement of the stipulation, the disputes of the parties as to property ownership have been left for determination in plenary actions, which would, presumably, present many of the same issues as are presented in the present action, and could be determined on an accounting of the partnership affairs. Since the stipulation was entered into by defendants inadvisedly, and in evident misunderstanding of its ambiguous terms, they should be relieved of it in the interests of justice. (Cf. *Goldstein* v. *Goldsmith*, 243 App. Div. 268.) However, such relief should only be granted on terms which will fully protect the receiver and provide for payment of his expenses and reasonable compensation for his services. The substitution should be granted, but the retaining and charging liens of the replaced attorney should be adequately provided for. Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur.