In the Matter of the Application of WALTER F. WELLMAN, an Attorney, for the Determination of Attorney's Lien and for an Order of Substitution, Respondent, against CHARLOTTE LIPKIND, Appellant.

Third Department, May 3, 1929.

*Goodman Block,* for the appellant.

*Walter F. Wellman,* respondent in person.

HILL, J. The petitioner rendered legal services for Charlotte Lipkind. A referee was appointed in a proceeding to determine and enforce an attorney's lien under section 475 of the Judiciary Law. He found the value of the services rendered and the payments made. The findings were sustained by the evidence. Upon a motion to confirm his report, the court made a decision containing findings of fact in conformity therewith. The decision contains conclusions of law which determine not only that petitioner is entitled to an attorney's lien together with costs and referee's fees, but also that a personal judgment should be entered against Charlotte Lipkind to be enforced by the usual execution against property. A judgment in accordance therewith has been signed and entered. To justify this procedure, authority must be found in the above-mentioned section of the Judiciary Law, which provides: " The court upon the petition of the client or attorney may determine and enforce the lien." This does not justify the entry of a personal judgment. (*Booth* v. *Kingsland Avenue Building Association,* 18 App. Div. 407; *Ward* v. *Ward,* 67 id. 121; *Matter of Cartier* v. *Spooner,* 118 id. 342.) An appeal has been taken not only from the court's decision and judgment, but also from the referee's report. This was not a reference to hear and determine, and a judgment could not be entered on the referee's decision or report. (*Marshall* v. *Meech,* 51 N. Y. 140; *Matter of Ney Co.,* 114 App. Div. 467; *Matter of Cartier* v. *Spooner, supra.*) It is not appealable. (Civ. Prac. Act, § 609.)

The appeal from the referee's findings of fact and conclusions of law is dismissed on the law, with costs to respondent. The final order determining the plaintiff's lien and directing a money judgment is modified by striking therefrom the provisions which direct the entry of a personal judgment against Charlotte Lipkind and the enforcement thereof by execution, and as so modified is affirmed, without costs. The judgment appealed from is modified by striking

therefrom the provisions as to a personal judgment against Charlotte Lipkind to be enforced by execution, and as so modified it is affirmed, without costs. The proceeding is remitted to the Special Term for a new hearing as to the enforcement of the lien.

VAN KIRK, P. J., HINMAN, WHITMYER and HASBROUCK, JJ., concur.

Appeal from referee's decision dismissed, with ten dollars costs to the respondent.

Judgment modified by striking therefrom the provisions directing the entry of a personal judgment, and as so modified affirmed, without costs.

The proceeding is remitted to the Special Term for a new hearing as to the enforcement of the lien.