In the Matter of ANNE COOPER, Respondent.

LEO T. McCAULEY, as Consul-General of Ireland and as Ancillary Executor of MARY A. CONNOLLY, Deceased, Appellant.

Argued October 6, 1943; decided November 24, 1943.

*George Natanson* and *James H. Gilvarry* for appellant.  The petition seeks to enforce a retaining lien and is therefore insufficient in law.  No order for such relief can properly be made.  (*Matter of Sebring,* 238 App. Div. 281; *Cooper* v. *McNair,* 49 F. 2d 778; *McDonald* v. *Charleston,* 93 Tenn. 281; *Foss* v. *Cobler,* 105 Iowa 728; *Cones* v. *Brooks,* 60 Neb. 698; *Smyth* v. *Fidelity & Deposit Co.,* 125 Penn. Sup. Ct. 597, 326 Penn. St. 391; *Armstrong* v. *Zounis,* 304 Ill. App. 537; *McPherson* v. *Cox,* 96 U. S. 404; *Matter of Wilson,* 12 F. 235.)

*Anne Cooper,* in person, for respondent.  The remedy to enforce her lien is available to petitioner.  (*Goodrich* v. *McDonald,* 112 N. Y. 157; *Robinson* v. *Rogers,* 237 N. Y. 467; *Matter of Levine,* 154 Misc. 700; *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.,* 173 N. Y. 492; *Matter of Pieris,* 82 App. Div. 466; *Matter of Sebring,* 238 App. Div. 281; *Matter of King,* 168 N. Y. 53; *Matter of Fitzsimons,* 174 N. Y. 15; *Matter of Regan,* 167 N. Y. 338; *Matter of Abruzzo,* 139 Misc. 559; *Matter of Williams,* 187 N. Y. 286; *Matter of Atterbury,* 222 N. Y. 355; *McCoy* v. *Barclay,* 250 App. Div. 682.)

LEHMAN, Ch. J.  The petitioner, Anne Cooper, was retained in August, 1940, by Mary A. Connolly, a resident of Eire, to act as her attorney in connection with any interest that Mary A. Connolly might have in the estate of her sister Bridget Monaghan, deceased, or in any trust fund established by Bridget Monaghan for her.  As compensation for services rendered under that retainer, Mary A. Connolly agreed to pay to her attorney a sum equal to fifteen per cent of any money or property which might be received by her in settlement of

her claims or in satisfaction of any judgment recovered by her. Pursuant to her retainer, the petitioner received from Mary A. Connolly a power of attorney and thereafter the executors of the estate of Bridget Monaghan delivered to the petitioner a bank book showing deposits and withdrawals of moneys in a deposit account, which Bridget Monaghan had opened in the name of Bridget Monaghan in trust for Mary A. Connolly.

In October, 1940, the petitioner demanded that the bank pay to her, as attorney in fact of Mary A. Connolly, the sum of $7,775.93 then on deposit in that account. Though apparently the executors of the estate of Bridget Monaghan deceased did not challenge the claim to these moneys asserted by the petitioner as attorney for Mary A. Connolly, the bank refused to pay the moneys to her, objecting that the notarial certificate on the power of attorney was not sufficiently authenticated and demanding that the signature of Mary A. Connolly be guaranteed. The petitioner then brought an action in the Supreme Court entitled " Mary A. Connolly by Anne Cooper, her attorney-in-fact, Plaintiff, against South Brooklyn Savings Bank, Defendant." On January 8, 1941, a motion made by the defendant bank to dismiss the complaint was granted with leave to serve an amended complaint. The plaintiff in that action moved for a reargument upon the motion to dismiss the complaint and the motion was heard on February 3, 1941.

On March 5, 1941, before the application for reargument had been decided the petitioner was informed by the Consul General of Eire that he had received the following cable: " MONAGHAN ESTATE. MRS. CONNOLLY REQUESTS YOU INFORM COOPER POWER ATTORNEY REVOKED NEW POWER GRANTED YOU STOP INFORM BANK AND APPROPRIATE COURT ALSO STOP INSTRUCTIONS BEING SENT AIR MAIL." The petitioner promptly obtained an order to show cause why an order should not be made enforcing the petitioner's lien as attorney for Mary A. Connolly and restraining the bank from paying to the Consul General the moneys on deposit in the bank. The order to show cause was served on the bank and on the Consul General. He did not appear. At that time he had not yet received the power of attorney executed by Mary A. Connolly and the petitioner was not able to show its scope and content.

There was, for that reason, a failure of proof that the Consul General had authority to represent Mary A. Connolly upon the motion for the enforcement of an attorney's lien upon her cause of action against the bank or upon the moneys in the bank claimed by her. On or about May 20th the motion for the enforcement of the lien was denied on that ground but without prejudice to the renewal of the motion. That motion had been referred to the justice at Special Term who had granted the motion to dismiss the complaint in the action against the bank and who had not yet decided the motion for a reargument of that motion. On the same day upon which he denied the petitioner's application for an order enforcing her lien as attorney, he handed down a decision in the action against the bank: " Motion for reargument granted and upon reargument the original decision is adhered to." Thereafter, on June 11th, an order was entered dismissing the complaint in that action but with leave to the plaintiff to file an amended complaint within thirty days. No amended complaint was served and no appeal was taken from the order dismissing the complaint. It remains in full force and is not challenged now.

It does not appear whether on May 20, 1941, when the justice at Special Term denied the motion for the enforcement of an attorney's lien, he had received a letter which had been addressed to him on May 19th by the attorney for the Consul General. In that letter the attorney stated that he represents " Leo T. McCauley, Consul General of Ireland, who is the attorney-in-fact for Mary Anne Connolly, the nominal plaintiff in the above action, pursuant to a Power of Attorney duly executed by said Mary Anne Connolly on March 4th, 1941, and which did not reach here until recently owing to the current difficulty in transmission of mail. I desire to intervene in this situation so that the rights of Mary Connolly, the only person actually involved here, may be properly protected by her attorney-in-fact."

A copy of this letter was sent by the attorney of the Consul General to the petitioner. Relying on the statement in the letter that the Consul General had received a power of attorney duly executed by Mary A. Connolly on March 4th, the petitioner promptly renewed her application for an order enforcing her

lien as attorney. An order to show cause was issued on June 4, 1941, directed to South Brooklyn Savings Bank and Leo T. McCauley " alleged substituted attorney-in-fact for Mary A. Connolly ". Leo T. McCauley appeared specially to object to the jurisdiction of the court. He showed that Mary A. Connolly died on May 17th, more than two weeks before the new proceedings brought by the petitioner to enforce her attorney's lien were initiated by order to show cause. Her death terminated the authority conferred upon the Consul General by the power of attorney executed by Mary A. Connolly and service of process after her death upon her attorney-in-fact was, of course, without effect. He urged too that " in any event, the appointment of an agent by a non-resident individual would not authorize service of process on said agent."

It is plain that the court acquired no jurisdiction over the estate of Mary A. Connolly by service of process after her death upon her attorney-in-fact. The Consul General appeared specially by his attorney to object on that ground to the jurisdiction of the court. The application of the petitioner was permitted to " lie over " in order that the petitioner might have opportunity to seek a re-hearing of the application for the same relief which had been denied " without prejudice " on May 20th and which it now appeared had been initiated after the client had executed a power of attorney to the Consul General and before the power was terminated by the client's death. The petitioner, unable to obtain an order reopening the application previously denied, served notice that she would ask for a hearing in November on the pending application. In the meanwhile ancillary letters on the estate of Mary Anne Connolly had been issued in New York to the Consul General. His attorney appeared specially " as attorney for the Consul General and as attorney for the ancillary executor " and took part in oral hearings held in November. After those hearings were completed the justice at Special Term rendered a decision that by oral argument and submission of briefs, in which the Consul General had opposed the application on the merits, he had abandoned his special appearance and had appeared generally as ancillary executor of the estate of Mary A. Connolly. Moved by the trials and tribulations of the attorney in her attempts to obtain satisfaction of her claim for compensa-

tion for services rendered as attorney, the justice at Special Term made an order fixing her compensation at " a sum equal to fifteen per cent of the amount on deposit with the South Brooklyn Savings Bank to the credit or account of Bridget Monahan in trust for Mary A. Connolly," directing the Consul General, as ancillary executor of the estate of Mary A. Connolly, deceased, to " execute a withdrawal slip and upon presentation to him by the petitioner of the passbook in her possession, to pay to said petitioner, Anne Cooper, out of the funds on deposit in the South Brooklyn Savings Bank " the amount at which the attorney's lien was fixed.

The petitioner has a retaining lien upon the passbook in the savings bank which had been delivered to her pursuant to her retainer. Her right is not challenged to hold property delivered to her until her lien is satisfied. A retaining lien is confined to the property in the possession of the attorney. It is entirely distinct from the lien of an attorney created by statute (Judiciary Law, § 475), upon " his client's cause of action " and which attaches to a " judgment * * * in his client's favor * * * and the proceeds thereof in whatever hands they may come ". The statutory lien can be enforced by appropriate order of the court which may direct that the lien be satisfied out of moneys or property to which the lien attaches though not in the possession or control of the attorney. A retaining lien cannot be so enforced. (*Matter of Heinsheimer,* 214 N. Y. 361; *Robinson* v. *Rogers,* 237 N. Y. 467.) The order in this case gives to the attorney rights to which she is not entitled under her retaining lien and the difficulties of the attorney in obtaining satisfaction of her claim for compensation for services rendered to a non-resident client do not furnish ground for the creation and enforcement of a lien not created by statute or sanctioned by principles established by judicial decisions.

The Appellate Division recognized that the order of Special Term could not be sustained as an order enforcing a retaining lien but it affirmed the order on the ground that the attorney had a charging lien on the client's cause of action and that the order of Special Term creates no rights beyond those created by the statute. Concededly, there can be no judgment in favor of the client entered in the action brought by the

attorney in Kings County in which an order had been entered dismissing the complaint and the ancillary executor of the client holds no proceeds of such a judgment and will never receive such proceeds. The lien of the attorney created by the Judiciary Law springs into being at " the commencement of an action " or proceeding and does not survive after the action is dismissed. An order made after the dismissal of the complaint in the action, which directs the client or the client's representative to pay to the attorney a portion of the moneys to which the client is entitled, is not an order for the enforcement of the statutory lien upon the proceeds of a judgment recovered upon the client's cause of action.

For these reasons the orders should be reversed, with costs in all courts, and the petitioner's motion for enforcement of the lien denied.

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER. JJ., concur.

Orders reversed, etc.