S. Samuel Di Falco,' S.
The petitioner in this proceeding seeks to have the court fix a lien for legal services rendered on behalf of one Oswald L. Sehlegel, a legatee and beneficiary under the will of decedent, in the amount of $12,500.
On June 4, 1952 petitioner and one William E. Roulstone were retained by Sehlegel as his attorneys to render legal services on his behalf in regard to his interests in the estate. After participating in some of the services rendered Roulstone died and petitioner continued as Sehlegel’s attorney. The fee requested in this proceeding covers also the services rendered by Roulstone in his lifetime.
Sehlegel was named as one of the executors and trustees in the will, was the recipient of a specific bequest of household furniture and a cash legacy of $10,000 and was named as the beneficiary of the trust of the residuary estate. Sehlegel did not qualify as executor.
The main body of services rendered on behalf of Sehlegel involved a discovery proceeding and an action in the Supreme Court each of which ultimately ended in the Court of Appeals. The discovery proceeding was brought by the executor of the estate against Sehlegel as respondent to recover the sum of $72,500. The respondent appealed from the order of this court directing the discovery proceeding to proceed. The order was affirmed by the Appellate Division and by the Court of Appeals. It is alleged that thereafter after several conferences between the petitioner and the attorneys for the executor the proceeding was abandoned. The other litigation involved an action which petitioner instituted for his client in the Supreme Court for the recovery from the estate of six savings banks accounts totalling about $48,000, standing in the name of the decedent. Although he succeeded in obtaining a judgment for his client at Trial Term of the Supreme Court, the judgment was reversed by the Appellate Division and the reversal was affirmed by the Court of Appeals. Subsequently an application for a new trial was denied by the trial court and upon appeal the Appellate Division affirmed the denial of the application. Application made to the Court of Appeals to amend the remittitur so as to grant a new trial was also denied by that court.
After petitioner and Roulstone were retained by Sehlegel as his attorneys they rendered services on his behalf in connection with the opening of the safe-deposit boxes of the decedent, in releasing and obtaining payment to him of two bank accounts totalling about $12,000 in the name of the decedent in trust for Sehlegel and in participating to some extent in *473 the probate of the will. In addition to the foregoing services petitioner brought a proceeding for a compulsory accounting against the executor whereupon petitioner filed objections to the account and to the supplemental account.
The petitioner claims he and Roulstone are entitled to a lien against the benefits due their client from the estate for all the services rendered by them on his behalf. Concededly they are entitled to a lien for their services in participating in the administration of the estate such as the opening of the safe-deposit boxes of the decedent, probate proceeding, obtaining an order for compulsory accounting and for filing objections to the accounts of the executors. These were clearly services in connection with the interests of their client in the estate. They were services directed to the protection of the rights of their client’s interests as a legatee and beneficiary under the will, and regardless of the results, they are entitled to a lien for the reasonable compensation of these services against the benefits passing to their client under the will (Matter of Maggio, 169 Misc. 1039; Matter of Abruzzo, 139 Misc. 559; Matter of Jaffe, 162 Misc. 877; Judiciary Law, § 475). The reasonable value of these services is fixed in the sum of $1,500 and will be enforced and paid as a lien against the client’s interests under the will.
However, as to the services rendered in the discovery proceeding and in the Supreme Court action a different rule obtains. Section 475 of the Judiciary Law, so far as pertinent, provides: 1 ‘ From the commencement of an action, special or other proceeding in any court * * * or the service of an answer containing counterclaim, the attorney who appears for a party has a lien upon his client’s cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client’s favor, and the proceeds thereof in whatever hands they may come ”. Under this statute an attorney’s “ charging lien ” as known at common law, subjects the proceeds of his client’s action or claim to the payment of the charges for services rendered in connection with such action or claim.
The rule appears to be well established by the authorities that an attorney’s lien will be enforced if (1) the services were rendered by the attorney in an action or special proceeding in a judicial tribunal; (2) the fund against which the lien is asserted is under the jurisdiction of the court in which the lien is sought to be enforced; and (3) the fund is the result of the action or proceeding in which the services were rendered (Oishei v. Pennsylvania R. R. Co., 117 App. Div. 110, affd. 191 *474 N. Y. 544; McKennell v. Payne, 197 App. Div. 340; Matter of Chorosh v. Woodbury, 135 Misc. 910, 912; Matter of Tierney, 88 Misc. 347).
As no funds came into the hands of the executor as a result of the services rendered in the Supreme Court action and in the discovery proceeding, the petitioner has no lien for such services. “ The lien of the attorney created by the Judiciary Law springs into being at ‘ the commencement of an action ’ or proceeding and does not survive after the action is dismissed.” (Matter of Cooper [McCauley], 291 N. Y. 255, 261.)
The court holds, therefore, that for these services which resulted in no recovery for the client the petitioner is not entitled to a lien out of the funds in the hands of the executor passing to the client under the will.
Nor is the petitioner or his coattorney entitled to a lien for the services rendered in obtaining the release to Schlegel of the two bank accounts in trust for him totalling about $12,000, since these moneys were paid over to Schlegel himself.
Proceed accordingly.