Harold J. Crawford, J.
This is a special proceeding by an attorney, pursuant to section 475 of the Judiciary Law, to fix a fair and reasonable fee to be paid by his client, Gina Construction Corp., etc., and directing ‘1 that said amount be decreed to be a retaining lien against the gina construction corp., and its property and the property of the said gina construction corp., now in possession of your petitioner, and that said lien be reduced to judgment and for such other and further relief as to -this Court may seem just and proper.”
Even if this proceeding came within the ambit of section 475 of the Judiciary Law, no direction could be made for the payment of the amount of the attorney’s lien nor for the entry of a personal judgment with the right of execution. (Matter of Waxstein v. Gelbman, 130 N. Y. S. 2d 285 and the authorities there cited.) All the court could do in such a proceeding is to determine the reasonable value of the services of tie attorney of record and declare such amount a charge or lien upon any moneys or property which his client may recover in the particular action by way of judgment or settlement. (Matter of Cooper [McCauley], 291 N. Y. 255, 260.) Once the value of the attorney’s services is thus determined it is conclusive upon the parties in any subsequent proceeding or action for the enforcement or collection of .the amount of such lien. (Roulstone v. Oesterreicher, 188 Misc. 741 and the authorities there cited.)
The instant proceeding, however, is not governed by the provisions of section 475 of the Judiciary Law since there is no particular action or proceeding, the proceeds of which could be charged with the amount of the petitioning attorney’s lien. He simply has in his possession many documents and instruments belonging -to his former clients, which he seeks to be charged with the value of the services rendered by him in a number of matters, some of them actions, such lien to be reduced to judgment. The court knows of no authority for such relief.
*179 A retaining lien is a possessory lien which attaches to papers, money and property belonging to the client which come into the attorney’s hands during the course of his employment. (Matter of Hollins, 197 N. Y. 361, 364; Matter of Knapp, 85 N. Y. 284.) A retaining lien affords the dismissed attorney “ the same advantage as any other workman who is entitled to retain the things upon which he has worked, until he is paid for his work.” It is a “ passive right to hold the papers until his fees are all paid. It confers no further rights * * * and cannot be actively enforced.” (Goldman v. Rafel Estates, 269 App. Div. 647, 649; Matter of Heinsheimer, 214 N. Y. 361.)
Unlike a charging lien the retaining lien secures an attorney for the payment of all services rendered to his client, not only those related to the property and papers in his hands or to the litigation in which such services were rendered, but also for any balance due for any other professional services he may have rendered (Matter of Behring, 238 App. Div. 281, 285) and such a retaining lien is not extinguished merely because the charging lien was fixed or the attorney has sued his former client to recover the value of the professional services he has rendered. (Goldman v. Rafel Estates, supra.)
Accordingly, the petition is dismissed, without prejudice to the petitioner, if so advised, instituting a plenary action for the recovery of the reasonable value of his services. Submit order.