In the Matter of GEORGE K. WELDON, Petitioner, *v.* NICK DE MARTINI et al., Respondents.

Supreme Court, Special Term, Queens County, August 3, 1962.

*Donald E. Gilbert* for petitioner. *Austin & Du Pont* for respondents.

LESTER HOLTZMAN, J. This is an application for an order determining the petitioner's lien for services rendered as attorney for the respondents in 32 "litigated" and 14 nonlitigated matters. The respondents cross-move to dismiss the application on the ground that the same is inappropriate, premature and legally insufficient.

Respondents contend that the application is inappropriate and premature inasmuch as the petitioner has not submitted an itemized bill for his services. Petitioner, however, is seeking payment for his services on the basis of *quantum meruit* and

any bill he might submit would not be conclusive on the issues involved in this proceeding. In any event, he has supplied respondents with a detailed statement of the services claimed to have been rendered.

Respondents' contention that the application is legally insufficient is based on the ground that the petitioner is seeking to enforce a single lien for legal services performed in some 46 different matters, not all of which involve all of the respondents and 12 of which were not even "litigated."

The authority for a petition to determine and enforce an attorney's lien is section 475 of the Judiciary Law. The lien created by this section is an extension of the common law "charging lien" which is the right to have the proceeds of the client's cause of action applied to payment of the attorney's charges for services rendered in connection with such cause of action. (*Matter of Kellog, Emery & Inness-Brown*, 33 N. Y. S. 2d 949, 953, affd. 264 App. Div. 852, revd. on other grounds 290 N. Y. 468; *Matter of Fox*, 22 Misc 2d 177.)

This "charging lien" is entirely distinct from an attorney's "retaining lien" which attaches to all papers, securities and moneys which come into his possession during his professional employment. (*Matter of Cooper*, 291 N. Y. 255, 260.) The "retaining lien" secures the attorney for payment of all services rendered to the client, not only those related to the property in his possession or to litigation in which such services were rendered. (*Matter of Fox, supra; Matter of Beckett*, 112 Misc. 45, 48, affd. 194 App. Div. 901.) A "retaining lien," however, is possessory only and may not be enforced by order of the court. (*Matter of Cooper, supra; Schwartz* v. *Schwartz*, 25 Misc 2d 225.)

In the instant application, the petitioner seeks to enforce a single lien to secure payment for services rendered in a total of 46 matters. It is clear that he is not entitled to a "charging lien" with respect to the matters which were nonlitigated (*Matter of Cooper, supra*) although he may be entitled to a "retaining lien" if he has any of the clients' funds in his possession. Such "retaining lien" may only be enforced in a plenary action. (*Schwartz* v. *Schwartz, supra*.)

Petitioner, moreover, is not entitled to a single "charging lien" with respect to the matters which he claims were "litigated." He may be entitled to *separate* "charging liens" in each of the 32 "litigated" matters. "Charging liens" for services in a particular action or proceeding can only be enforced against the recovery in that action or proceeding and not in any other. (*Matter of Fox, supra*.) In addition, such liens can only

be enforced against the client for whom the services were rendered in the particular action or proceeding.

To be entitled to a "charging lien," it is necessary that there be asserted a cause of action, claim or counterclaim upon which an affirmative judgment may be rendered in an action or proceeding as specified in section 475 of the Judiciary Law. (*Irish Free State* v. *Guaranty Safe Deposit Co.,* 148 Misc. 256, affd. 242 App. Div. 612.) The action or proceeding must have actually been commenced and the attorney seeking to enforce the lien must have appeared in the action or proceeding as attorney of record. (*Matter of Seabring,* 238 App. Div. 281; *Ader* v. *Purcell,* 194 Misc. 540.)

In the case at bar, it is impossible for the court to ascertain from the petition and its supporting affidavits whether these conditions are present in any or all of the 32 so-called "litigated" matters. It is also impossible to determine whether the petitioner has been paid for his legal services in any matters in which he may have had a "charging lien" and, if not paid, what the reasonable value of his services might be.

The matter is accordingly referred to the HONORABLE SAMUEL S. TRIPP, Special Referee, to hear and report on these issues, viz.:

(1) Whether in any of the 42 matters designated in the petition as "litigated" the petitioner appeared for one or more of the respondents as attorney of record in an action or proceeding which was actually commenced and in which was asserted, on behalf of the respondent or respondents, a cause of action or claim upon which affirmative judgment could be rendered.

(2) If the petitioner did so appear in any such action or proceeding, whether the action or proceeding is still pending undetermined.

(3) In such actions as may have been terminated, whether there is existent a verdict, report, determination, decision, judgment or final order in favor of the petitioner's clients or proceeds thereof.

(4) Whether in any of the matters in which petitioner may be entitled to a "charging lien", as herein defined, he has been paid for his services according to the terms of his retainer or any subsequent agreement.

(5) If petitioner has not been paid as aforesaid, the reasonable value of the services actually rendered by him in each "litigated" matter.

Pending the coming in of the report of the Special Referee, the decision in these proceedings will be held in abeyance.