Edward J. Greenfield, J.
After an award of alimony and counsel fees in a matrimonial proceeding, the attorney who represented the wife and had received the fees was discharged. He applied in that proceeding for the fixation of his fees on a quantum meruit basis and a reference was ordered. Before any hearings were held he died. His client had retained and paid other counsel to handle the trial of the matrimonial action, *1065 which resulted in a final decree of divorce in her favor. She now sues the estate of her original attorney to recover that portion of the counsel fees previously collected which were allegedly unearned. The estate, referring to the never completed reference to fix fees in the matrimonial proceeding, asserts as a defense the pendency of another action.
The matrimonial action has now been terminated by a final decree of divorce. The value of the attorney’s services was never finally determined in that action. Does the application to fix attorney’s fees nevertheless survive, having an independent viability as a special proceeding under section 475 of the Judiciary Law?
Section 475 of the Judiciary Law confers upon an attorney who has appeared for a party a lien upon the client’s cause of action and its proceeds. It is a charging lien against any recovery which may be obtained, so that the right to such lien is dependent upon a recovery or possible source of recovery by the client to which the lien might attach. The right to a charging lien survives the death of the attorney, so that his estate may enforce it against such recovery. [Simon v. Burke, 190 Misc. 618; Matter of Weldon v. De Martini, 35 Misc 2d 710.)
When the cause of action does not eventuate in a recovery for the client, the lien has nothing to fasten to. Hence, when the cause of action is dismissed, the lien falls. (Matter of Cooper [McCauley], 291 N. Y. 255; see, also, Matter of Fox v. Gina Constr. Co., 22 Misc 2d 177; Matter of Stern, 9 Misc 2d 471.) The petition of the attorney to the court to have the amount of his fees fixed and determined under section 475 when he has been discharged of further responsibility in an action is neither an action nor a special proceeding with independent viability, but a hybrid which ceases to exist when the main action dies without fruition. (Ader v. Purcell, 194 Misc. 540.)
If the action results in a judgment or other recovery (as through settlement), the lien attaches to the proceeds, and the court in which the action was pending retains jurisdiction to enforce the lien. (Gildersleeve v. Reitz, 80 Misc. 685; Matter of Flower, 167 N. Y. S. 778.)
In this case, the action on which the attorney labored finally terminated with a judgment of divorce in favor of his former client, and. an award of alimony to her. However, his fee for the value of the services actually rendered prior to his discharge had not been finally determined before the action concluded, and the law is clear that as a matter of public policy the attorney’s charging lien does not follow through to the *1066 alimony which constitutes in part the “proceeds” of the matrimonial litigation. (Turner v. Woolworth, 221 N. Y. 425; Schwartz v. Schwartz, 25 Misc 2d 225; Kalish v. Kalish, 7 Misc. 2d 612.)
Hence, the Supreme Court, which had cognizance over the matrimonial action, and which ordered a reference to determine the reasonable value of the attorney’s services, lost whatever power it may have had to fix the fees once that action was concluded. In no sense can it therefore be said that the undetermined reference constitutes another action pending, which should bar a subsequent plenary suit in this court. Even if there had been no final order in the Supreme Court matrimonial litigation, it would be doubtful whether that would be a complete bar to the exercise of jurisdiction by this court in the instant proceeding. (Cf. Matter of Moody, 6 A D 2d 861.) The original court might have the power to enforce the attorney’s lien in rem, but an in personam judgment could be rendered only in a plenary action. (Matter of Wellman v. Lipkind, 226 App. Div. 106; Manusse v. Mattia, 10 N. Y. S. 2d 495.)
Furthermore, in this case the discharged attorney already had collected money more than sufficient to cover the value of his services. He was seeking not to enforce his lien but to establish his right to retain what he had already collected. It was his client who was seeking to recover part of the counsel fees awarded and paid for which services had not been performed. Under those circumstances, she may not be barred from pursuing her plenary action for a money judgment binding on the attorney’s estate and capable of execution because the attorney had previously made application under section 475 to have the proper amount of his fees fixed on a quantum meruit basis. Section 475 is not an umbrella under which an attorney may seek shelter from the demands of a client for the return of excessive fees paid.
The attorney having been discharged without fault on his part, as was the client’s right, he was entitled to the value of his services on a quantum meruit basis for his activities on the client’s behalf subsequent to the filing of the note of issue. (Myers v. Myers, 2 A D 2d 835.) The court finds the reasonable value of those services to be $250. Payment of $750 for services from note of issue through the trial and entry of judgment had already been received, though another attorney carried the laboring oar. Plaintiff is therefore entitled to a judgment in the amount of $500, with interest from November 30, 1960.