■    FANNIE MANCUSO, Respondent, v. JOSEPH MANCUSO, Appellant.—Judgment of the Supreme Court, Kings County, dated March 20, 1967, affirmed, without costs. No opinion. Brennan, Rabin, Hopkins and Munder, JJ., concur; Christ, Acting P. J., dissents and votes to reverse the judgment and to remit the case to the trial court to make a more complete decision, particularly so as to include a finding as to the amount of defendant's income and the amount he is able to pay for support of plaintiff and the infant issue of the parties.

■    EDWARD MANGANARO, Plaintiff, v. H. J. R. REALTY CORP., Defendant. THERESA DENIG et al., Plaintiffs, v. TONY DEMORATO et al., Defendants. STANLEY P. DANZIG, Appellant-Respondent; DAVID A. GOLDNER, Respondent-Appellant.— Two orders of the Supreme Court, Kings County, both dated March 8, 1967, each in a respective one of the actions, reversed, on the law, without costs, and motions by respondent-appellant dismissed, without prejudice to the commencement of a plenary action. No questions of fact were considered on this appeal. In our opinion, under the circumstances of these cases wherein the former attorney seeking compensation does not have a charging lien and the judgments in the actions have been satisfied, he can only seek recovery by way of a plenary action against the attorney substituted for him (cf. *Shatzkin* v. *Shahmoon*, 19 A D 2d 658; *Goldman* v. *Rafel Estates*, 269 App. Div. 647; *Matter of Weldon* v. *De Martini*, 35 Misc 2d 710). A decision on the merits should not be made upon affidavits but after a full hearing. Christ, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.