■ FIRST NATIONAL BANK & TRUST COMPANY OF ELLENVILLE, Plaintiff, and NAT KAGAN MEAT & POULTRY, INC., et al., Appellants, v HYMAN NOVICK REALTY CORPORATION et al., Defendants, and KALTER & GOTTLIEB, Respondent.—Appeal from an order of the Supreme Court at Trial Term, dated July 3, 1978 in Sullivan County, which granted attorneys for appellants an attorney's lien pursuant to section 475 of the Judiciary Law and a common-law retaining lien. Respondent law firm has represented appellants in a variety of proceedings arising out of appellants' interest in the Laurels Hotel. The instant proceeding was commenced by respondent seeking to be relieved as attorneys for appellants in an action to foreclose the first mortgage on the Laurels Hotel. By order of the Supreme Court, Sullivan County, dated January 28, 1977, respondent was discharged in three other pending matters wherein they represented appellants and directed to turn over the files in those matters. Respondent, however, was ordered to continue to represent appellants in the action to foreclose the first mortgage and the court retained jurisdiction for the purpose of holding a plenary hearing to determine the amount of fees and disbursements due respondent concerning all four pending matters. Before the hearing took place, appellants commenced a malpractice action against respondent. Following the hearing, the Supreme Court at Trial Term, issued an order dated July 3, 1978 that was settled on notice setting the fee due respondent at $32,500 plus unreimbursed disbursements, dismissing all counterclaims and defenses and ordering that the lien of respondent be payable from the proceeds in the hands of the receiver. Appellants made a motion for leave to reargue, to set aside the order dated July 3, 1978 and to consolidate respondent's application to determine its attorney's lien with appellants' malpractice suit against respondent. The motion was denied and this appeal ensued. Ini-

tially, appellants contend that the court erred in attaching the lien to the funds in the hands of the receiver due to the fact that respondent did not render any services which produced said funds. There is nothing in the record, however, which indicates the source of the funds. A statutory attorney's lien pursuant to section 475 of the Judiciary Law is a lien only for the value of services rendered in the particular action which produced the recovery sought to be charged (Matter of Regan v Marco M. Frisone, Inc., 54 AD2d 1125). Consequently, we are of the view that this matter must be remanded for a hearing to determine the source of the funds in the hands of the receiver (see Matter of Peters [Bachman], 296 NY 974). It is to be noted that the statutory lien does not cover all the services rendered by respondent in regard to the Laurels Hotel, but only those services which produced the funds in the hands of the receiver (Matter of Regan v Marco M. Frisone, Inc., supra, pp 1125-1126). Respondent is also possessed of a common-law retaining lien which is a lien for the entire balance of account on all papers, securities or moneys belonging to a client and in the possession of the attorney (Robinson v Rogers, 237 NY 467, 470). A retaining lien is dependent upon the attorney's physical possession of the client's property (Eiduson Fuel & Hardware Co. v Drew, 59 AD2d 1025), and cannot be enforced through a court order directing that the lien be satisfied out of property not in the possession or control of the attorney (Matter of Cooper [McCauley], 291 NY 255, 260). The retaining lien, therefore, cannot be attached to the funds in the hands of the receiver. Contrary to respondent's contention that appellants are bound by their stipulation that respondent's lien would attach to the funds held by the receiver, we are of the opinion that there was no agreement in compliance with CPLR 2104 and, therefore, no enforceable stipulation exists (Matter of Dolgin Eldert Corp., 31 NY2d 1, 8). We also reject appellants' contention that the court improperly considered the allegations of malpractice. In determining the value of the legal services rendered, the court would, of necessity, be required to consider allegations of malpractice which would affect the value of such services. We have examined the remaining arguments of the parties and find them unpersuasive. Order modified, on the law, by reversing so much thereof as directed that the lien of respondent be payable from the proceeds in the hands of the receiver and matter remitted for a hearing to determine the source of funds in the hands of the receiver, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.