ROBERT D. RYAN, Plaintiff, v MARY E. RYAN, Appellant, and OOT, SETRIGHT & CIABOTTI, Respondent.—Order unanimously affirmed, with costs. Memorandum: Petitioner, the defendant in the main action, failed to appeal from the order granted on respondents' petition under section 475 of the Judiciary Law that fixed their fees as her discharged attorneys and directed that said amount be a lien upon the property of Mary E. Ryan [defendant, petitioner herein] and that they have execution therefor. Petitioner appeared in the proceeding and did not oppose the petition nor contest the amount granted to respondents for fees. In addition to fixing the amount of the fee owing to respondents the court declared it to be a lien (not specifying

upon what assets of the defendant-petitioner it became a lien) and directed that respondents have judgment therefor. That order was entered on March 4, 1976. Apparently the court also directed that entry of judgment on such order be deferred until it decided the main action. After the court made its decision in the main action in August, 1976, on June 7, 1977 respondents entered judgment on the order of March 4, 1976 and issued an execution thereon on real property in which defendant-petitioner had an interest. Defendant-petitioner then moved to vacate the "judgment" entered on March 4, 1976 and for a stay of execution (for the sale of her realty) pursuant to the judgment; and she appeals from the order denying her motion. Incidentally, it appears that the sale was completed and respondents were paid their fees, and defendant-petitioner is still in litigation with her husband, the plaintiff, with respect to an accounting and ownership of assets which are the subject of the principal action. In the section 475 proceeding the court erred in directing entry of judgment in personam against defendant-petitioner *(Matter of Cooper [McCauley]*, 291 NY 255, 260; *Matter of Wellman v Lipkind,* 226 App Div 106). The order was, therefore, "defective" insofar as it granted entry of judgment against defendant-petitioner, absent application for enforcement *(Matter of Regan v Marco M. Frisone, Inc.,* 54 AD2d 1125, 1126). Defendant-petitioner having failed, however, to move to resettle the order or to appeal therefrom or from the judgment entered thereon, she may not now collaterally attack it *(Hunt v Hunt,* 72 NY 217, 229, 245; and see *Nuernberger v State of New York,* 41 NY2d 111, 117-118; *Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 166; 1 Carmody-Wait 2d, NY Prac, § 2:82, pp 96-97). We agree with Special Term that upon entry of the judgment it became a lien on real property owned by defendant-petitioner in the county of entry, and no showing was made why execution thereon should not be had. (Appeal from order of Jefferson Supreme Court—vacate judgment.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.