■ In the Matter of GLORIA M. ROSENBLUM, Appellant-Respondent. JOHN F. QUIRK, Respondent-Appellant.—In a proceeding, inter alia, for the determination and enforcement of a lien pursuant to Judiciary Law § 475, the appeal and cross appeal are from an amended final judgment of the Supreme Court, Suffolk County (Corso, J.), entered December 26, 1984, which is in favor of the petitioner and against the respondent Quirk in the principal amount of $15,018.85.

Amended final judgment reversed, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The petitioner, an attorney, was retained by John F. Quirk in June 1982 to represent him in the prosecution of certain claims against Virginia Morrissey and the Middle Island Central School District, including claims alleging various torts and seeking the payment of retirement benefits, sick pay, and vacation pay. At the time, Quirk had a defamation action pending against Morrissey which had been commenced by his former attorney. The petitioner subsequently commenced a second action on Quirk's behalf against Morrissey and the school district, alleging causes of action in harassment, tortious interference with contract, and defamation. No action was ever commenced to recover the sick pay and vacation pay which Quirk contended was due him. The petitioner attempted to settle all the claims, including those for which no legal action had been instituted.

On June 21, 1983, Quirk, without informing the petitioner, settled his claims for retirement benefits, sick pay, and vacation pay. His tort claims were not affected by the settlement.

The petitioner then commenced this proceeding seeking to withdraw as Quirk's attorney and to obtain an attorney's charging lien upon the proceeds of the settlement. After a hearing, Special Term determined that the reasonable value of all services rendered by the petitioner to Quirk was $15,000 and that there had been disbursements of $18.85. As a result of this decision, an amended final judgment in the amount of $15,018.85, plus interest, was entered in favor of the petitioner and against Quirk.

Because no action or proceeding was commenced with re-

spect to Quirk's claims for retirement, sick, and vacation pay, the petitioner was not entitled to a charging lien for services rendered on those claims (see, Judiciary Law § 475; *Matter of Cooper [McCauley],* 291 NY 255). The only claims to which a charging lien could attach were those claims to recover damages for defamation, harassment, and tortious interference with contract which were asserted in the two legal actions commenced (see, *Matter of Heinsheimer,* 214 NY 361). The amount of the lien would be the value of services rendered in those particular actions, not the total value of all services rendered by the petitioner to Quirk (see, *Matter of Regan v Marco M. Frisone, Inc.,* 54 AD2d 1125). Thus, Special Term erred when it based its determination of the amount of the lien on the value of the petitioner's services in connection with all of Quirk's claims. It was also error to enter a personal judgment against Quirk (see, *Ryan v Ryan,* 75 AD2d 1000; *Matter of Wellman v Lipkind,* 226 App Div 106).

The matter must be remitted to Special Term for a determination of the value of the petitioner's services in the two pending actions. If the petitioner and Quirk consent, the court may determine the lien to be a contingent percentage, based on quantum meruit, to be determined at the conclusion of the case. Otherwise, Special Term should award a fixed dollar amount based on quantum meruit (see, *Matter of Cordes v Purcell, Fritz & Ingrao.* 89 AD2d 870; *Paulsen v Halpin,* 74 AD2d 990). Since the petitioner has no attorney's lien with respect to the settled claims for retirement benefits, sick pay, and vacation pay, her remedy to recover a fee for her services in connection with these matters is a plenary action (see, *Katz v Katz,* 33 AD2d 740; *Manganaro v H.J.R. Realty Corp.,* 29 AD2d 566). Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.