OPINION OF THE COURT
Peter Tom, J.
This hearing raises an interesting issue as to whether plaintiff’s outgoing attorney can assert as part of the attorney’s lien under Judiciary Law § 475, legal services performed in severing the attorney-client relationship, as well as legal services for fixing the lien for attorney’s fees and disbursements.
Plaintiff retained movant law firm on or about November *112 24, 1987, to prosecute a cause of action against defendant for loss of a shipment of ladies’ garments imported by plaintiff from Europe. A dispute arose between plaintiff and its attorney in or about February 1989. Plaintiff’s attorney moved to be relieved as attorney in or about April 19, and the motion was granted on June 30, 1989. Plaintiff hired a new attorney to represent it in the pending lawsuit against defendant, and that case is presently awaiting trial. Plaintiff did not pay any legal fees to the outgoing attorney and the law firm moved for an order and judgment determining and fixing the attorney’s retaining lien which resulted in the instant proceeding.
Although the outgoing attorney seeks, in the motion, to fix a retaining lien, in effect it seeks to fix a charging lien pursuant to Judiciary Law § 475.
A retaining lien is distinguishable from the attorney’s statutory or charging lien. A retaining lien is a lien which attaches to papers and property of the client in the possession of the outgoing attorney, and such lien is extinguished when that possession terminates other than by court order. A retaining lien may be used by the outgoing attorney to satisfy any amount due for legal services rendered with respect to any matter in which the attorney represented the client. (Matter of Cooper, 291 NY 255; 7 NY Jur 2d, Attorneys at Law, §§ 168-174.)
A charging lien, on the other hand, is a lien on the proceeds of a particular litigation and may be enforced by the outgoing attorney to recover legal services rendered including disbursements in connection with that specific litigation. (Lebaudy v Carnegie Trust Co., 222 NY 525; 7 NY Jur 2d, Attorneys at Law, § 181.)
The concept of the charging lien was incorporated and codified in Judiciary Law § 475.
Judiciary Law § 475 provides in pertinent part that: "From the commencement of an action * * * the attorney who appears for a party has a lien upon his client’s cause of action, claim or counterclaim, which attaches to a * * * judgment * * * in his client’s favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement”.
The outgoing law firm in this case not only seeks to charge plaintiff for legal services rendered in the prosecution of the underlying lawsuit against defendant but it also seeks to charge plaintiff and assert as part of the lien the work *113 performed in its motion to be relieved as attorney for plaintiff, and the fixing of the attorney’s lien.
Under Judiciary Law § 475, an attorney has a lien for his legal efforts that produce proceeds on behalf of his client and it is upon such funds the attorney’s lien attaches. A statutory attorney’s lien is a lien only for the value of services rendered and disbursements incurred in the particular action which produced the recovery sought to be charged. In order to be the subject of a lien, the services of the attorney must have aided in bringing about the judgment or award against which the lien is asserted. (Kaplan v Reuss, 113 AD2d 184; First Natl. Bank & Trust Co. v Novick Realty Corp., 72 AD2d 858; 7 NY Jur 2d, Attorney at Law, § 181.)
In the instant case, the services performed by the outgoing attorney to sever the attorney-client relationship with plaintiff and to fix the attorney’s lien are not part of any effort or service which will aid- in bringing about a judgment or an award in favor of plaintiff in the litigation which the lien is sought to be charged.
Moreover, the services performed in which the attorney seeks to charge a lien were not performed on behalf of plaintiff. The outgoing law firm seeks by the mechanism of the Judiciary Law to charge plaintiff for legal services rendered on its own behalf. The motion to be relieved as counsel was made at the initiative of plaintiff’s outgoing attorney and the work performed to fix the attorney’s lien is to collect on its behalf legal fees from plaintiff.
It is well established under the law of the State of New York that attorney’s fees are incidents of litigation and are not recoverable unless there is specific statutory authority or a binding contract between the parties providing for such recovery. (Matter of Green v Potter, 51 NY2d 627; Mighty Midgets v Centennial Ins. Co., 47 NY2d 12.)
The outgoing law firm must bear its own costs in severing its relationship as attorney for plaintiff and for fixing its lien against the proceeds of plaintiff’s action.
The outgoing law firm seeks to fix a lien in the sum of $6,107.88. In support of this application it offers into evidence the monthly statements sent to plaintiff which reflect the hours expended by the law firm and the firm’s hourly charges.
The controller of plaintiff corporation testified that in November 1987 when he met with the law firm, he was informed by the senior partner that plaintiff will be billed at an hourly *114 rate of $180 for services rendered by senior attorneys. The hourly rate was increased by the law firm during the period it represented plaintiff and plaintiff was billed in conjunction with the increase. The hourly rate for associate attorneys was $110 in November 1987 and was later increased to $125. Plaintiff’s controller testified that he was never informed by the law firm of any increased rate which plaintiff would be charged. There was no written retainer agreement between plaintiff and the outgoing law firm. A senior partner of the outgoing law firm concedes that no notices were sent to plaintiff regarding the increase in the hourly rates of the law firm.
The court finds that the agreed hourly rate at which the law firm would bill plaintiff was $180 per hour for senior attorneys and $110 per hour for associate attorneys.
The court further finds that it was unreasonable for the outgoing attorney to bill plaintiff seven hours to prepare a five-page bill of particulars and that the reasonable time for such preparation should be 3.5 hours. Plaintiff also did not agree to pay the 10% interest charged on each statement.
A perusal of the monthly statements shows that the outgoing law firm expended a total of 17.6 hours of work performed by a senior attorney and 7.5 hours expended by an associate attorney in the prosecution of plaintiff’s action against the defendant. The court deducts 3.5 hours from the associate’s time for work performed on the bill of particulars as being excessive.
Based on the foregoing, the court determines and fixes the attorney’s lien pursuant to Judiciary Law § 475 in the sum of $3,608 for legal fees and disbursements in the sum of $116.