In re FARRINGTON.

(Supreme Court, Appellate Division, Second Department. October 20, 1911.)

1. ATTORNEY AND CLIENT (§ 192*)—ATTORNEY'S LIEN—DETERMINATION.

The absolute right which, under Judiciary Law (Consol. Laws 1909, c. 30) § 475, an attorney, having money in his hands belonging to his client, has to a summary determination by the court of the existence and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amount of his lien, is not dependent on his showing that he had preserved the money intact; but it is enough if he is ready, able, and willing to account to the client.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425–427; Dec. Dig. § 192.*]

2. ATTORNEY AND CLIENT (§ 192*)—ATTORNEY'S LIEN—DETERMINATION.

Whether an attorney has a general as well as a special lien on money in his hands belonging to his client is to be determined on the hearing at Special Term, and not in the first instance by the Appellate Division, on appeal from a refusal to determine the amount of his lien.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 192.*]

Appeal from Special Term, Kings County.

Application of William D. Farrington, an attorney, to have a lien determined and enforced on the property of Garret S. Braisted. From an order denying the application, Farrington appeals. Reversed and remitted, with directions to hear and determine.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Alexander S. Bacon, for appellant.
Albert A. Wray, for respondent.

RICH, J. This appeal is brought by an attorney at law from an order denying his application for an order determining the amount of his lien upon money in his hands belonging to his client. The petition was denied upon the ground that it was not made to appear that the appellant had preserved the money intact.

[1] An attorney with money in his hands belonging to his client has an absolute right to a summary determination by the court of the existence and amount of his lien (section 475, Judiciary Law [Consol. Laws 1909, c. 30]; Matter of King, 168 N. Y. 53, 60 N. E. 1054), and it is not incumbent upon him to show that he had preserved the money intact. It is enough if he is ready, able, and willing to account to the client.

[2] The question as to whether the appellant has a general as well as a special lien upon the money is to be determined upon the hearing at Special Term, and not by this court in the first instance. The answer admits that the appellant has a lien upon the money, and the only controversy is as to the amount.

The order must be reversed, with $10 costs and disbursements, and the proceeding remitted to the Special Term, with directions to proceed to a hearing and determination.

JENKS, P. J., and CARR and WOODWARD, JJ., concur. THOMAS, J., concurs in result.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes