■  JANET KERN et al., Respondents-Appellants, v. MARLENE KARNBACH et al., Defendants. GARY J. SHER, Appellant-Respondent; NORMAN ROSE, Respondent-Appellant.— Order of the Supreme Court, Kings County, dated July 5, 1966, determining the lien of an outgoing attorney on a percentage basis, reversed, on the law, without costs, and matter remitted to the Special Term for further proceedings consistent herewith. The findings of fact of the Special Referee as to the value of the outgoing attorney's services have not been considered. We are in accord with the determination of the learned Special Referee that this is not a dispute between attorney and client, but is in fact between the incoming and outgoing attorneys, despite the fact that the plaintiffs are nominal parties to the appeals. Such being the case, the outgoing attorney should be required to elect, either to have his lien determined on the basis of a presently-fixed dollar amount, *quantum meruit*, or, still on the basis of *quantum meruit*, to take a contingent percentage instead, to be determined at the conclusion of the case (cf. *Podbielski* v. *Conrad*, 286 App. Div. 1040; *Carpino* v. *Aversano*, 5 A D 2d 1009; *Reubenbaum* v. *B. & H. Express*, 6 A D 2d 47, 48, 49). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Nolan, JJ., concur.

■  CATHERINE PARK, Respondent, v. ARTHUR HOFFMAN et al., Appellants. —Judgment of the Supreme Court, Queens County, dated April 1, 1966, reversed, on the law and the facts, and new trial granted, with costs to abide the event, unless within 30 days after entry of the order hereon plaintiff shall serve and file a written stipulation consenting to reduce the amount of the verdict in her favor from $54,500 to $34,500 and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. In our opinion, the verdict was excessive to the extent indicated. Ughetta, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■  THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEON SHAPIRO, Respondent.—Order of the County Court, Nassau County, dated May 16, 1966, reversed, on the law; demurrer disallowed; and indictment reinstated. In our opinion, the indictment was sufficient to withstand a demurrer (cf. *People* v. *Major*, 13 N Y 2d 796). The allegations of the indictment must be accepted as true when challenged by demurrer (*People* v. *Post Std. Co.*, 18 A D 2d 302, revd. on other grounds 13 N Y 2d 185). So treated, the facts stated in the indictment are sufficient to constitute the crimes charged. Further particulars concerning the alleged crimes are a matter of evidence and need not be set forth in the indictment (*People* v. *Longo*, 16 A D 2d 297, 299). If respondent desires additional information as to the precise nature of the charges, he has the right to obtain a bill of particulars (*People* v. *Dabek*, 18 A D 2d 773). Ughetta, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES TOBIN, Appellant.— Judgment of the County Court, Rockland County, rendered May 9, 1966, affirmed. The identification of defendant by the prosecution's witnesses cannot be held to be incredible as a matter of law (*People* v. *Seppi*, 221 N. Y. 62, 68). Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.