SECOND DEPARTMENT, APRIL, 1968

## (April 1, 1968)

■ AARON BORTIN et al., Appellants, v. GATES OF WOODBURY, INC., et al., Respondents, et al., Defendant.— Appeal by plaintiffs, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, dated October 9, 1967, as denied their motion for summary judgment. Order affirmed insofar as appealed from, with $10 costs and disbursements. The examinations of plaintiffs Aaron Bortin and Barbara Bortin shall be conducted at the place directed in the order under review at a time specified in a 10 days' written notice or at such other time and place as may be agreed by the parties. Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ HARVEY FINKELSTEIN, Appellant, v. CAULDWELL WINGATE COMPANY, INC., et al., Defendants. PAZER & FISCHER, Appellants; GAIR & GAIR et al., Respondents.— Appeal by plaintiff, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated April 18, 1967, as fixed the fee of respondents as outgoing attorneys, and granted a lien therefor, at 15% of the recovery in the case. Order reversed on the law, without costs; and, in accordance, the third and fourth decretal paragraphs of the order, which fixed the outgoing attorneys' fee and lien at 15% of the final recovery, are struck out and the matter is remitted to the Special Term for a hearing and proceedings not inconsistent with the memorandum herein. The affidavits disclose that plaintiff, injured by a falling clamp, retained one set of attorneys whom he discharged after only one week. Respondents were then retained and for six months did certain work in connection with the personal injury cause of action. Thereupon, plaintiff chose to dismiss respondents and returned to his original attorneys, Pazer & Fischer. These two sets of attorneys could not amicably agree upon respondents' lien, so a motion for substitution and fixation of fee was made. Plaintiff and the incoming attorneys specifically demanded that the outgoing attorneys' fee and lien be determined on a *quantum meruit* formula. Respondents requested a percentage of the ultimate recovery and this relief was granted in the order under review. There is no indication in the papers on the motion that any offer of settlement has been made. The rule is clear that either the plaintiff or the outgoing attorney may object to the fixation of a fee on a percentage formula (*Brown* v. *Moffitt*, 5 A D 2d 1002). Moreover, it is unfair and premature to fix an outgoing attorney's fee on a percentage formula when there is still work to be done in the case and where no recovery figures are available (*Kern* v. *Karnbach*, 27 A D 2d 954; *Podbielski* v. *Conrad*, 286 App. Div. 1040). A fair apportionment of the percentage of legal fees may not be made between the two sets of attorneys since a trial or substantial pretrial work may yet have to be accomplished. In accordance with the last two cited cases, respondents have the option of acceding to plaintiff's demand for a presently fixed *quantum meruit* fee or of seeking a percentage fee " still on the basis of *quantum meruit* " at the conclusion of the case (*Kern* v. *Karnbach, supra*). Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.