■ A. B. C. SYSTEMS, INC., Respondent, v. TEMPLE EMANU-EL OF FAR ROCKAWAY, Respondent. WILLIAM KUPFERBERG, Appellant.— Order of the Appellate Term, Second Judicial Department, dated November 10, 1967, and order of the Civil Court of the City of New York, Queens County, entered April 3, 1967, reversed, on the law and the facts, and appellant's motion remitted to the Civil Court for a hearing and determination *de novo,* as hereinafter indicated, with costs in all courts to abide the event. In our opinion, the question whether appellant was in fact retained by plaintiff and, consequently, entitled to a lien upon the proceeds of the settlement pursuant to section 475 of the Judiciary Law, should not have been summarily determined upon the conflicting affidavits (*Rodin* v. *Universal Button Co.,* 18 A D 2d 813; *Freedman* v. *Kahn,* 172 N. Y. S. 98; *Matter of Jacobs,* 169 Misc. 893, 897). If it will appear upon the hearing that there is an issue as to the propriety of the amount demanded by appellant ($500), and if such issue is reached, that question may also be determined upon the hearing. Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.

■ CAROLYN BRAININ, Respondent, v. ROBERT BRAININ, Appellant. — In an action for separation, the defendant husband appeals from an order of the Supreme Court, Kings County, entered November 21, 1967, which (1) directed him to pay $75 per week for the support of plaintiff and the infant child of the parties and $500 counsel fees and (2) granted plaintiff leave to apply to the trial court for additional counsel fees. Order modified, on the law and the facts and in the exercise of discretion, by (1) reducing the amount directed to be paid for support to $50 per week, (2) striking out the decretal provisions as to counsel fees and (3) substituting therefor a provision that the application as to counsel fees is referred to the trial court. As so modified, order affirmed, without costs. In view of the take-home pay of defendant and the fact that plaintiff continues to live in a house the expenses for which are paid by defendant's parents, the award of alimony was excessive. Plaintiff's attorney has received $400 for services rendered in connection with the conduct of the parties. For that reason and since there is no proof before the court as to the merits of the action, we deem it advisable to refer the matter of counsel fees to the trial court. Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.

■ FRANK A. CALDERONE, Respondent, v. R & C HOMES, INC., Defendant, and ABE MELTZER, Appellant. — In an action to recover damages for property injury, the appeal is from a judgment of the Supreme Court, Queens County, entered March 20, 1967 against appellant upon a jury verdict. Judgment reversed, on the law and on the facts, and complaint dismissed, with costs. Respondent's marine railway was damaged when a barge used by defendant R & C Homes, Inc., in connection with the construction of a bulkhead on appellant's property broke loose during a storm. Respondent failed to disprove that the relationship between R & C Homes, Inc., and appellant was one of employer-independent contractor, or to prove that the work to be performed was inherently dangerous (*Schwartz* v. *Merola Bros. Constr. Corp.,* 290 N. Y. 145; *Lockowitz* v. *Melnyk,* 1 A D 2d 138). We are of the further opinion that the accident was not reasonably foreseeable by the appellant. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.