■ ALBERT F. DI SOMMA, Appellant, v. JEROME HYSHIVER, Defendant. COOPER, ABRAMS & HERMAN, Respondents.— In a dental malpractice action, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated June 24, 1971, which granted his motion for substitution of counsel upon condition that he reimburse the outgoing attorneys $88.50 for disbursements and deliver a properly executed document to effectuate a lien for legal services in the sum of $1,064.60. Order reversed, on the law, without costs, and matter remanded to Special Term for a hearing and a new determination of the amount to be awarded to the outgoing attorneys for their services and for further proceedings not inconsistent herewith. The actual substitution shall take place upon rendition of the new determination; and reimbursement of the outgoing attorneys' disbursements shall be made at that time, whether payment of their fee, according to the new determination, is to be deferred or directed without prejudice to a further application at the end of the case. To prosecute his claim against defendant, plaintiff retained the outgoing attorneys on a contingent fee basis. Plaintiff became displeased with the services of said attorneys, alleging that they had failed, after five years, to take the necessary steps to establish by expert testimony the merit of his claim. Furthermore, he refused to accept the settlement offer of $2,500 which had been made. Special Term, without a hearing, awarded the outgoing attorneys the amount to which they would have been entitled under the sliding scale authorized by this court and the terms of the written retainer, based on the settlement offer of $2,500. Whether the amount awarded by Special Term is, in fact, disproportionate depends on many factors, e.g., the value of the lawsuit, how much work is yet to be done to prepare the case for trial and how skillfully the trial must be conducted. Hence, a hearing should be held for these and other relevant purposes. After such hearing, Special Term may also determine whether payment of the fee ought to be deferred or be directed without prejudice to a further application at the end of the case (cf. Reubenbaum v. B. & H. Express, 6 A D 2d 47; Shelbourne Garage v. Licht, 34 A D 2d 563). Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.