■ DAWN REILLY, an Infant by Her Father and Natural Guardian, KEVIN REILLY, et al., Appellants, v MILLCOUNT REALTY CORP. et al., Defendants, and KRAMER, DILLOFF, TESSELL, DUFFY & MOORE, Respondent.—In a negligence action to recover damages for personal injuries, etc., the appeal is from an order of the Supreme Court, Nassau County, dated December 8, 1978, which, *inter alia,* set the fee due plaintiffs' outgoing attorneys for their services at $68,500. Order reversed, without costs or disbursements, and matter remitted to Special Term for the fixation of the outgoing attorneys' fee after a testimonial hearing in accordance herewith. The outgoing attorneys were discharged after they had obtained an offer of settlement of this infant's personal injury action in the sum of $250,000, the full amount of the defendants' insurance coverage, because they refused to institute a malpractice action against the Good Samaritan Hospital. The record makes it clear that the outgoing attorneys refused to institute such a malpractice action only after they had examined the merits of such a proposed lawsuit most extensively and had come to the conclusion that there was no valid basis for such a suit. In refusing to institute what they considered to be an unfounded and unprovable lawsuit, the outgoing attorneys acted in accordance with the highest ideals of the legal profession (see Code of Professional Responsibility, DR 7-102, subd [A], pars [1], [2]). A client may, of course, discharge his attorney for no valid reason *(Reubenbaum v B & H Express,* 6 AD2d 47), but when he does so the attorney has the option of asking for an immediate hearing for the fixation of his fee upon a *quantum meruit* basis *(Kern v Karnbach,* 27 AD2d 954; *Schwed v Parks,* 14 AD2d 806) or he may elect to have his fee fixed upon the basis of the final outcome of the litigation *(Di Somma v Hyshiver,* 38 AD2d 947). In this case the outgoing attorneys have elected to have their fee fixed on a *quantum meruit* basis. However, in fixing their fee at $68,500 the court did so merely on their oral statements as to the work that they had done and the results achieved, without taking any testimony. Since this is an infant's case—and in view of the claimed conflict of interest between the infant plaintiff and her guardian—we believe that the sounder course to follow would be to have

a plenary hearing at which the contentions of the parties as to the value of the outgoing attorneys' services could be fully developed. The court at the hearing should also determine whether in light of the guardian's alleged financial interest in the defendant corporation he should not be removed as the infant's guardian in this case. Lazer, J. P., Rabin, Gulotta and Shapiro, JJ., concur.