## FOURTH DEPARTMENT, MARCH, 1980

### (March 28, 1980)

MARK E. PAULSEN, Appellant, v THEODORE W. HALPIN et al., Defendants, and BOND, McDONALD AND TOOLE, Respondents.—Order unanimously modified by striking Paragraph No. 2, and otherwise affirmed, without costs, and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In this personal injury negligence action plaintiff appeals from that part of an order directing a substitution of attorneys which fixed the compensation of Bond, McDonald and Toole (respondents), the outgoing attorneys, for their legal services to plaintiff "upon a contingent fee *quantum meruit* basis on the gross amount received by plaintiff". Plaintiff sustained severe and permanent injuries as a result of an automobile accident which rendered him unconscious for five weeks and required extensive hospitalization and intensive rehabilitation therapy. While the plaintiff was still comatose, his father entered into an oral retainer agreement with respondents which provided for a contingent fee of 25% if the case was settled. The respondents' principal contact was with plaintiff's father, although respondents conferred with plaintiff a few times before he discharged them. Plaintiff's new attorney has apparently settled the case. At Special Term respondents voiced their election "to be compensated on a *quantum meruit* contingent fee to be determined by the Court upon the final completion of the plaintiffs' *[sic]* cause of action". Respondents on this appeal make no claim for legal fees and disbursements in excess of the amount of the fees established by the retainer agreement between plaintiff and the incoming attorneys and urge that their services should be evaluated in relationship to the total legal services rendered by both the respondents and the incoming attorneys. They claim that the appeal should be dismissed, as plaintiff is not an aggrieved party, or, in the alternative, that the order appealed from should be affirmed. Plaintiff contends that he made the motion for an order of substitution of attorneys and a determination of respondents' fees because respondents refused to

turn over the litigation file. Plaintiff argues that he is liable to respondents, at the most, for the reasonable value of their services rendered before their discharge. Special Term summarily determined the issues prior to the recovery in the underlying action. The right of an attorney to recover for professional services must rest on an express or implied contract (Judiciary Law, § 474; *Lynn v Agnew,* 179 App Div 305). The burden of establishing the existence of a contract, with full knowledge by the client of all material circumstances, is on the attorney *(Matter of Howell,* 215 NY 466; *Matter of Vaupel,* 37 NYS2d 853, affd 266 App Div 723; *Kiser v Bailey,* 92 Misc 2d 435; see, also, *Whitehead v Kennedy,* 69 NY 462). Yet, when a person has knowledge that legal services were performed for him, a promise to pay their reasonable value may be implied (see, generally, Ann., 78 ALR2d 318). Whether the contract be express or implied, however, a client may discharge an attorney at any time, even without cause, in which event the discharged attorney is entitled to be paid a fixed sum on a *quantum meruit* basis *(Matter of Krooks,* 257 NY 329; *Martin v Kamp,* 219 NY 170; see, also, Code of Professional Responsibility, DR 2-106; *Matter of Freeman,* 34 NY2d 1). If it is found that a contingent contract exists, then a different rule may apply. After dismissal of the attorney the canceled contract no longer serves "to establish the sole standard for the attorney's compensation. Together with other elements [it] may, however, be taken into consideration as a guide for ascertaining *quantum meruit.* * * * The amount of [the dismissed attorney's] lien must, therefore, be fixed not alone upon the basis of a rescinded contingent contract but also upon a foundation built of the volume and quality of the professional services actually and necessarily performed" *(Matter of Tillman,* 259 NY 133, 135-136). Thus, "the terms of the retainer contract, now at an end, may be taken into consideration in fixing the value of the lawyer's services" *(Martucci v Brooklyn Children's Aide Soc.,* 284 NY 408, 409; see, generally, *Matter of Montgomery,* 272 NY 323). Upon the termination of the contract of retainer, a cause of action for the reasonable value of the services performed immediately accrues to the attorney and he need not be compelled to wait the outcome of the litigation from which he has been displaced. The court may then award a fixed dollar amount, presently payable or secured by lien, based on *quantum meruit,* which may be more or less than that provided in the contract between the attorney and client, or in lieu thereof, with the consent of the client, a contingent percentage, also based on *quantum meruit,* to be determined at the conclusion of the case. However, in the event the dispute is not between the client and attorney but between incoming and outgoing attorneys, the outgoing attorney may elect whether he will take his compensation on the basis of a presently fixed dollar amount *quantum meruit,* or whether he will take a contingent percentage instead to be determined at the conclusion of the case, also on the basis of *quantum meruit (Reubenbaum v B. & H. Express,* 6 AD2d 47; *Buckley v Surface Transp. Corp. of N. Y.,* 277 App Div 224; see, also, *Wojcik v Miller Bakeries Corp.,* 2 NY2d 631; *Strauss v Cunningham,* 61 AD2d 950; *Matter of Shaad,* 59 AD2d 1061; *Chugerman v Wagner,* 42 AD2d 772; *Finkelstein v Cauldwell Wingate Co.,* 29 AD2d 943). Although it appears that plaintiff had knowledge that respondents performed services for him, from which a promise to pay their reasonable value may be implied, the record before the court raises an issue of fact as to whether plaintiff ratified or adopted the oral contingent contract between his father and respondents with full knowledge of all material facts relating to the transaction—and the contingent fee percentage is most certainly a material part of the contract (see 3 NY Jur, Attorney and Client, § 91; 21

NY Jur, Estoppel, Ratification and Waiver, § 86). This question should not have been summarily determined by Special Term upon the conflicting affidavits submitted by the parties (*A.B.C. Systems v Temple Emanuel of Far Rockaway,* 30 AD2d 662). If it is found that plaintiff ratified or adopted the oral contingent contract, then a further question of fact exists, i.e., is the dispute between plaintiff and respondents or between respondents and the incoming attorneys. Resolution of that question requires an analysis of the retainer agreement between the client and the incoming attorneys to determine whether the client is responsible for the outgoing attorneys fees or whether the fee is to be subtracted from the compensation agreed to be paid to the incoming attorneys (see *Kern v Karnbach,* 27 AD2d 954). We are unable to decide the issue on this record. Since the validity of respondents' election to have the lien fixed on a contingent percentage basis must await the determination of these issues, we remit the matter to Special Term for a hearing and determination of the issues and for the purpose of fixing respondents' lien either in a specified dollar amount or as a percentage of the settlement, as the case may be. Since this litigation has been settled, Special Term can now accurately ascertain and evaluate the services of each attorney and the contribution of each toward the result achieved. (Appeal from order of Monroe Supreme Court—attorneys' fees.) Present—Simons, J. P., Schnepp, Callahan, Witmer and Moule, JJ.