NORMAN A. KAPLAN, Appellant, v FREDERICK M. REUSS, JR., et al., as Executors of ARCHIMEDES CERVERA, Deceased, Respondents.

Second Department, November 18, 1985

### APPEARANCES OF COUNSEL

*Norman A. Kaplan (Suzanne N. Levitt* and *Walter Rich* of counsel), appellant *pro se.*

*Reuss, Ruchala & Handler (Henry Kevin Reisch* of counsel), for respondents.

### OPINION OF THE COURT

LAZER, J. P.

Plaintiff is an attorney who has asserted a charging lien which he seeks to enforce against the proceeds of an insurance policy on the life of Archimedes Cervera. The policy, with a face amount of $250,000, had been purchased by Tele-Signal Corp. pursuant to employment and shareholders' agreements with Mr. Cervera and had been authorized by corporate resolution as well. Tele-Signal was the named beneficiary. Following Mr. Cervera's death, plaintiff's law firm was re-

tained by Tele-Signal to obtain the proceeds of the policy after the insurer refused payment.

Plaintiff's firm commenced an action on behalf of Tele-Signal and plaintiff ultimately negotiated a settlement in the amount of $175,000. The insurer then forwarded to plaintiff a check for that amount made out to both Tele-Signal Corp. and plaintiff's law firm as attorneys. After the check was received, but before it was deposited, the defendants in this action, the executors of Mr. Cervera's estate, commenced a discovery proceeding against both Tele-Signal and the plaintiff seeking to have the policy proceeds turned over to the estate in exchange for Mr. Cervera's share of stock in Tele-Signal, pursuant to the terms of the employment and shareholders' agreements and the corporate resolution. The proceeds of the check were then deposited in an account in Tele-Signal's name but the account was managed by plaintiff pending the outcome of the discovery proceeding. That proceeding was ultimately resolved in favor of the Cervera estate, and this court affirmed the resulting decree *(Matter of Reuss v Telesignal Corp.,* 89 AD2d 1062). Shortly after the discovery proceeding was commenced, plaintiff's law partnership was dissolved and its rights with respect to the Tele-Signal litigation were assigned to plaintiff, who had personally provided the legal services involved.

In the petition commencing the discovery proceeding on behalf of the estate, one of the executors noted that the proceeds of the insurance policy were subject to a lien for plaintiff's services. Nevertheless, plaintiff, who was named as a respondent in that proceeding and who represented Tele-Signal in it, made no attempt to assert any lien at that time. Indeed, no lien was asserted until after the discovery proceeding had been finally resolved in the estate's favor, the full amount of the proceeds had been turned over to the estate, and the estate had delivered Mr. Cervera's stock to Tele-Signal. Only then did plaintiff, who has not been paid for his services by Tele-Signal and who does not claim to have made any effort to obtain payment from Tele-Signal, commence this action. After issue was joined, plaintiff moved for summary judgment and defendants cross-moved for the same relief. The Surrogate denied both the motion and the cross motion and plaintiff has appealed. In view of the undisputed facts, we conclude as a matter of law that plaintiff has waived his charging lien and that if he is to obtain his fee he should seek it from Tele-Signal.

An attorney's statutory or charging lien is to be distinguished from an attorney's general or retaining lien. The latter applies only to papers and property of the client which are in an attorney's possession and is extinguished when that possession terminates other than by court order *(Matter of Cooper [McCauley]*, 291 NY 255; *Matter of Heinsheimer,* 214 NY 361; 7 NY Jur 2d, Attorneys at Law, §§ 168-174; *see, People v Keeffe,* 50 NY2d 149, 155-156). While a retaining lien is in existence, it may be used to satisfy any amount due the attorney for professional legal services rendered the client with respect to any matter *(Robinson v Rogers,* 237 NY 467; *Ward v Craig,* 87 NY 550; 7 NY Jur 2d, Attorneys at Law, § 172). A charging lien, on the other hand, applies only to the proceeds obtained from a particular litigation and may be enforced only to obtain the reasonable value of the attorney's services and disbursements in connection with that litigation *(Lebaudy v Carnegie Trust Co.,* 222 NY 525; *Matter of Heinsheimer, supra;* 7 NY Jur 2d, Attorneys at Law, § 181). The charging lien was originally developed by the courts to ensure that attorneys were not deprived unfairly of their fees when the services they rendered in litigation produced proceeds for their clients. This judicially created concept subsequently was codified and expanded in Judiciary Law § 475 *(see, Fischer-Hansen v Brooklyn Hgts. R. R. Co.,* 173 NY 492). That statute provides that "[f]rom the commencement of an action * * * the attorney who appears for a party has a lien upon his client's cause of action * * * which attaches to a * * * judgment * * * in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties".

Although an attorney has a retaining lien on the proceeds of an action that come into his or her hands, a charging lien does not depend upon possession but rather upon the existence of identifiable proceeds of the litigation *(see, Goldstein, Goldman, Kessler & Underberg v 4000 E. Riv. Rd. Assoc.,* 64 AD2d 484, 487, *affd* 48 NY2d 890; *Kaplan v Port Taxi,* 89 AD2d 577, 578). A charging lien may in an appropriate case be enforced against third parties who have taken the proceeds with knowledge *(e.g., Todd v Mutual Factors,* 3 AD2d 537, *affd* 4 NY2d 759; *see also, Goldstein, Goldman, Kessler & Underberg v 4000 E. Riv. Rd. Assoc., supra)* or against a defendant who either still possesses the proceeds *(e.g., Matter of King,* 168 NY 53; *Matter of Gutchess,* 90 AD2d 663) or who has knowingly paid the proceeds to the client so as to deprive the

attorney of an earned fee *(e.g., Fischer-Hansen v Brooklyn Hgts. R. R. Co., supra)*.

Although a charging lien thus may be enforced even when the proceeds have passed into the possession of the client or a third party with knowledge, the right to enforce such a lien will be waived by any action inconsistent with an intent to enforce the lien *(Goodrich v McDonald,* 112 NY 157; *West v Bacon,* 164 NY 425, *rearg denied* 165 NY 624; *Todd v Mutual Factors, supra; Newark Fire Ins. Co. v Brill,* 7 NYS2d 773, 779; *see,* 7 NY Jur 2d, Attorneys at Law, § 195). The waiver rule is intended to prevent other parties from being misled by the attorney's actions or inaction. Therefore, if the attorney knowingly allows the proceeds to pass into the hands of the client or another party without asserting his or her rights *(compare, Goodrich v McDonald, supra, and Newark Fire Ins. Co. v Brill, supra, with Matter of King, supra)*, or if the attorney fails to enforce the lien within a reasonable time *(Todd v Mutual Factors, supra; see,* 7 NY Jur 2d, Attorneys at Law, § 195), the lien will be deemed waived and the attorney relegated to a plenary action against the client for any fees.

Here, despite defendants' contentions to the contrary, it is evident that at the time the discovery proceeding was commenced by the Cervera estate, plaintiff had a charging lien on the proceeds of the life insurance policy because they were obtained through his efforts. Equally clear, however, is that plaintiff subsequently waived his right to enforce that lien.

That waiver may well have occurred when plaintiff indorsed the check from the insurer and deposited it in an account in Tele-Signal's name without taking any steps to protect his lien *(see, generally, Marsano v State Bank,* 27 AD2d 411, *appeal dismissed* 23 NY2d 1018; *Newark Fire Ins. Co. v Brill, supra)*. The circumstances surrounding this action are not clearly delineated in the present record, and if that were the only source of the waiver, a factual inquiry would be necessary.

As it is, however, a clear and undeniable waiver is to be found in plaintiff's failure to assert the lien until after the discovery proceeding and the appeal that resulted were finally resolved in the estate's favor and the estate had exchanged Cervera's stock for the proceeds of the policy. To allow plaintiff belatedly to assert his lien at that date would deprive the estate of the full benefit of that exchange in which the plaintiff acquiesced *(see, Todd v Mutual Factors, supra)*.

Finally, we note that plaintiff's position is not strengthened

by the alleged "admission" by the Cervera executors in the petition commencing the discovery proceeding that plaintiff had a lien on the proceeds of the policy. At that point, plaintiff did indeed have a lien and the "admission" simply acknowledged that fact. It was plaintiff's later actions and inaction that deprived him of his right to enforce that lien and the prior acknowledgment by one of the executors of the existence of that lien has no bearing upon plaintiff's subsequent failure to assert his claim in a timely manner. Indeed, if anything, the acknowledgment should have prompted plaintiff to assert his lien at that time if he intended to do so.

Although defendants have not appealed from the Surrogate's denial of their cross motion for summary judgment, this court has the power to search the record and grant summary judgment to any party in an appropriate case (CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112; *Peoples Sav. Bank v County Dollar Corp.,* 43 AD2d 327, 334, *affd* 35 NY2d 836 *on opn at App Div).* In the absence of any relevant question of material fact, we deem this to be such a case and grant summary judgment to defendants in order to bring this litigation to a more timely end.

MANGANO, GIBBONS and NIEHOFF, JJ., concur.

Order of the Surrogate's Court, Suffolk County, dated March 1, 1984, modified, on the law, by deleting the provision thereof which denied defendants' cross motion for summary judgment dismissing the action, and substituting therefor a provision granting the cross motion and dismissing the action. As so modified, order affirmed insofar as appealed from, with costs to defendants.