■ MANUEL FLORES et al., Plaintiffs, v ARCANGELO BARRICELLA, Defendant. HENRY M. GARGANO et al., Respondents, v JOSEPH MANDELL, Appellant.—In a proceeding to determine and enforce an attorney's lien pursuant to Judiciary Law § 475, the appeal is from a judgment of the Supreme Court, Kings County (Shaw, J.), dated February 14, 1985, which is in favor of the petitioners and against the appellant in the principal sum of $10,463.83.

Judgment affirmed, with costs.

The record indicates that Reich and Reich, P. C., had a charging lien for legal services rendered because it appeared as the attorney of record for Manuel and Maria Flores in their negligence action against Arcangelo Barricella (see, Rodriquez v City of New York, 66 NY2d 825). The lien was not affected by the settlement of the action by the incoming attorney, the appellant Joseph Mandell. It was enforceable through a special proceeding pursuant to Judiciary Law § 475 against Mandell, who was in possession of a portion of the settlement proceeds (see, People v Keeffe, 50 NY2d 149; Kaplan v Reuss, 113 AD2d 184, affd 68 NY2d 693). It was within the court's discretion to treat the notice of motion, supporting and opposing affidavits as a notice of petition and pleadings in the proceeding (see, Matter of Reich v Power, 30 AD2d 925, affd 22 NY2d 887). Nor did the court err when it struck Mandell's jury demand (Matter of King, 168 NY 53).

Mandell failed to prove that the firm of Reich and Reich, P. C., was discharged for cause, a circumstance which would have eliminated its entitlement to compensation *(see, Teichner v W & J Holsteins,* 64 NY2d 977). The court was presented with sufficient information regarding the legal services performed by the incoming and outgoing attorneys to determine each party's contingent percentage of the recovery *(see, Reubenbaum v B. & H. Express,* 6 AD2d 47, 49). Bracken, J. P., Brown, Neihoff and Eiber, JJ., concur.