■ LYNN R. D'AMICO, Respondent, v GERARD V. NUZZO et al. Defendants. DAVID B. JACOBS, Nonparty Appellant, SULSKY & HABER, P. C., Nonparty Respondent.—In a negligence action, David B. Jacobs appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated January 30, 1987, which denied his application to fix the amount of an attorney's alleged charging lien.

Ordered that the order is reversed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether the appellant is or was an attorney of record in the above-entitled action and thereby entitled to have the court fix the amount of a charging lien pursuant to Judiciary Law § 475.

David B. Jacobs is an attorney who formerly worked for the law firm of Sulsky & Haber, P. C., from September 1982 until

November 1983. According to a retainer agreement dated December 26, 1982, Jacobs was retained by Lynn R. D'Amico to prosecute a negligence action. Allegedly, Jacobs referred this matter to the law firm according to an agreement between them and, thereafter, on January 19, 1983, the law firm and the plaintiff executed a retainer agreement. Following the termination of Jacob's relationship with the law firm, the plaintiff executed a change of attorney form in favor of Jacobs on November 22, 1983.

This change of attorney form was not signed by the law firm. According to Jacobs, the law firm refused to relinquish the plaintiff's files to him, and thereafter Jacobs moved for an order directing the law firm to do so. On May 15, 1984, the court (Brucia, J.), found that Jacobs "is not representing [the plaintiff] in this proceeding at this time based upon the record". Importantly, the court did not conduct a formal hearing nor did the court necessarily conclude that Jacobs was never an attorney of record.

In October 1983, Jacobs sought an order fixing a lien under Judiciary Law § 475 upon the proceeds of settlement in the underlying action. The court (Murphy, J.), found that "the issue regarding the attorney retainer for plaintiff in the above-entitled action was previously resolved in an order dated May 15, 1984 by the Hon. James J. Brucia, who ruled that David B. Jacobs, Esq. was not the attorney of record" for the plaintiff and, consequently, denied Jacobs's application for a hearing and dismissed his petition. We reverse.

Pursuant to Judiciary Law § 475, a charging or special lien is established so as to enable an attorney to secure an interest in moneys recovered for a client by that attorney's efforts in a particular matter (see, Kaplan v Reuss, 113 AD2d 184, affd 68 NY2d 693; 7 NY Jur 2d, Attorneys at Law, §§ 175-194). The statutory charging lien exists only in favor of an "attorney who appears for a party", that is, an attorney of record, and will not attach otherwise (see, Matter of Barnum v Srogi, 96 AD2d 723; 7 NY Jur 2d, Attorneys at Law, § 176). When a question arises as to whether an attorney is an attorney of record, this issue may not be summarily decided upon conflicting affidavits, but rather must be determined after a hearing (see, A. B. C. Sys. v Temple Emanu-El, 30 AD2d 662; Matter of Farrington, 146 App Div 590, 591; cf., Petty v Field, 97 AD2d 538, 539, appeal dismissed 61 NY2d 902; Paulsen v Halpin, 74 AD2d 990, 992).

It is well settled that an attorney of record who is entitled

to a charging lien is not affected by the settlement of an action by a substituting incoming attorney *(Flores v Barricella,* 123 AD2d 600, *lv denied* 69 NY2d 602, citing *People v Keefe,* 50 NY2d 149, and *Kaplan v Reuss, supra; see also, Matter of Lambert v Ernst,* 268 App Div 771; *Fitzsimmons v Long Is. Light. Co.,* 251 App Div 395; 6 NY Jur 2d, Attorneys at Law, § 61).

In the instant case, there has been no hearing to determine whether the retainer agreement of December 26, 1982, established Jacobs as an attorney of record despite the finding that he was not representing the plaintiff at the time of his previous motion for an order directing the law firm to turn over the plaintiff's files. Accordingly, it was incorrect for the court to summarily determine that Jacobs was not an attorney of record. Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.