ERVIN, Judge.
Akerman, Senterfitt and Eidson (law firm) appeals the entry of an order directing it to deliver to the Department of Insurance (Department), the receiver appointed pursuant to Chapter 631, Florida Statutes (1987), certain documents and files belonging to its former clients over which it has asserted an attorney’s retaining lien. We affirm.
In our judgment, chapter 631 requires the law firm to release the documents to the receiver. This is so, because, after the Department is appointed receiver, it “is vested by operation of law with the title to all of the property, contracts, and rights of action, and all of the books and records, of the insurer, wherever located ... and it shall have the right to recover the same and reduce the same to possession_” § 631.141(2), Fla.Stat. (1987) (emphasis added). The law firm, acting as agent for the insurers, is required to cooperate fully with the receiver, including “[pjromptly to make available and deliver to the department any books, accounts, documents, or other records, information, data processing software, or property of or pertaining to the insurer and in ... [its] possession, custody, or control....” § 631.391(1)(b), Fla.Stat. (1987) (emphasis added). Therefore, the provisions of chapter 631 obviously direct a law firm, having possession of the documents of an insurer that has been placed in receivership, to transfer the same to the receiver.
The law firm contends, however, that the trial court erred in ordering it to make such transfer, in contravention of its asserted retaining lien, without providing for payment of the lien. This argument overlooks the fact that the only appealable ruling contained in the order is the simple direction to the firm to effect the conveyance. The order neither adjudicates the validity of the claim, nor does it extinguish the lien, because an order directing the transfer of such documents has no effect on the lien, if otherwise determined valid. See Kaplan v. Reuss, 113 A.D.2d 184, 185, 495 N.Y.S.2d 404, 406 (App.Div.1985), aff'd, 68 N.Y.2d 693, 497 N.E.2d 671, 506 N.Y.S.2d 304 (1986) (cited in Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88, 90 n. 2 (Fla. 3d DCA 1987), review denied, 525 So.2d 879 (1988)).
Thus, any determination regarding the validity or payment of the retaining lien would be premature at this point. Rather, the law firm should abide by the provisions of section 631.181, requiring it to file a proof of claim in the delinquency proceedings, and authorizing the circuit court, which has exclusive original jurisdiction over such matters, to adjudicate the validity of the claim and its priority under section 631.271.
AFFIRMED.
SMITH, C.J., and NIMMONS, J., concur.