■ Stephen Hellerstein, Respondent, v Maria Hellerstein, Defendant. Polly N. Passonneau, P.C., Nonparty Appellant. [760 NYS2d 430] —Order, Supreme Court, New York County (Judith Gische, J.), entered May 24, 2002, which, in an action for divorce, upon nonparty appellant's motion to fix her charging lien for legal services rendered to defendant wife, her former client, and to enforce such lien against the wife's IRA, fixed appellant's lien and, insofar as appealed from, directed that such lien be paid out of the IRA only after (1) payment of taxes and penalties on early withdrawal from the IRA, (2) child

support payments owed by the wife to plaintiff husband, and (3) the husband's attorneys' judgment against the wife for legal fees, unanimously affirmed, without costs.

The subject IRA was funded with approximately $45,000 pursuant to a stipulation entered into in May 2000 providing for transfer to the wife of one half of the husband's simplified employee pension plan (SEP). However, due to wife's initiation of litigation challenging the stipulation, a qualified domestic relations order (QDRO) segregating the wife's share of the SEP, and a judgment of divorce fixing the parties' financial obligations, including child support, were not entered until March 23, 2001. The husband's attorneys were awarded attorneys' fees for that litigation, and a judgment therefor of some $15,000 was entered on April 3, 2001. A restraining order served the next day by the husband's attorneys on the wife's half interest in the SEP, and subsequent hesitation by the wife to sign papers, prevented the transfer of her half interest in the SEP to her own IRA account until late November 2001. Meanwhile, appellant's representation of the wife terminated on April 16, 2001 with a mutual agreement that appellant was owed some $58,000. Also, in early November 2001, in connection with an upcoming custody hearing, the wife had been ordered to pay in advance half of the expert witness fees, amounting to some $6,000, out of her half interest in the SEP. Appellant's instant motion to fix and enforce her charging lien was made in December 2001, in the midst of the custody hearing. The parties agree that the wife's child support arrears amount to $6,500. It appears that the IRA is the wife's only source of money.

Although at the time of her discharge on April 16, 2001, an identifiable fund in the form of the wife's half interest in the husband's SEP had been created as a result of appellant's efforts and the entry of the QDRO on March 23, 2001, appellant did not restrain or otherwise assert her charging lien against that fund until December 2001. By that time, substantial child support arrears had accrued, the husband's attorneys had asserted their own claim on the same fund based on their judgment for legal fees against the wife, and the court had dedicated a portion of the fund for payment of expert witnesses in the then upcoming custody trial. Under the circumstances, appellant's delay in asserting her lien at or about the time of her discharge was inconsistent with an intent to enforce it, and warranted its subordination to the husband's claim for child support arrears and the husband's attorneys' claim for legal fees (*see Kaplan v Reuss*, 68 NY2d 693, 694-695 [1986], *affg*

113 AD2d 184 [1985], citing *Todd v Mutual Factors*, 3 AD2d 537, 546 [1957], *affd* 4 NY2d 759 [1958]). Concur—Nardelli, J.P., Tom, Rosenberger, Ellerin and Gonzalez, JJ.