◼ In the Matter of CALLAN & BYRNES, LLP, Appellant, v RUTH E. BERNSTEIN LAW FIRM et al., Respondents. [853 NYS2d 560]—

In a proceeding to determine and enforce an attorney's lien pursuant to Judiciary Law § 475, the petitioner appeals from an order of the Supreme Court, Kings County (Johnson, J.), dated

November 14, 2006, which, after a hearing, in effect, denied the petition.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the petitioner is awarded 40% of the attorney's fee collected by the respondents in connection with the settlement of an action entitled *Vazquez v Rosa*, commenced in the Supreme Court, Kings County, under index No. 12089/01.

Following the settlement of a personal injury action entitled *Vazquez v Rosa*, which had been commenced in the Supreme Court, Kings County, under index No. 12089/01 (hereinafter the underlying action), a fee dispute arose between the petitioner, former counsel to the plaintiffs in the underlying action, and the respondents, current counsel to those plaintiffs. The dispute included conflicting claims as to whether the petitioner had been discharged for cause. The Supreme Court properly held a hearing to resolve the issue (*see Byrne v Leblond*, 25 AD3d 640, 642 [2006]). Following the hearing, the Supreme Court determined that the petitioner had been discharged for cause, and was not entitled to any part of the attorney's fee.

In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *D'Elia v 58-35 Utopia Parkway Corp.*, 43 AD3d 976, 977-978 [2007]).

The respondents failed to prove that the petitioner was discharged for cause, a circumstance that would have defeated the petitioner's right to compensation for its services (*see Flores v Barricella*, 123 AD2d 600, 600-601 [1986]; *cf. Dragutescu v City of New York*, 38 AD3d 709, 709-710 [2007]). We further conclude that the documentary evidence and testimony adduced at the hearing supports an apportionment to the petitioner of 40% of the attorney's fee collected by the respondents in connection with the settlement of the underlying action. Santucci, J.P., Miller, Lifson and Covello, JJ., concur.