Matter of Pieternelle v Smiley & Smiley, LLP (2022 NY Slip Op 00743)





Matter of Pieternelle v Smiley & Smiley, LLP


2022 NY Slip Op 00743


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Kapnick, J.P., Mazzarelli, Pitt, Higgitt, JJ. 


Index No. 500137/09 Appeal No. 15216-15217-15218 Case No. 2021-00888 2021-01063 2021-02129 2021-02134 

[*1]In the Matter of the Appointment of a Guardian of the Person and Property of Jose Verdugo, an Incapacitated Person Rocio Pieternelle, Property Guardian, Plaintiff-Respondent,
v
Smiley & Smiley, LLP, Defendant, Flomenhaft & Cannata, LLP, et al., Defendants-Appellants. Schwartz Goldstone Campisi & Kates, LLP, Nonparty-Respondent. 


Morrison Cohen LLP, New York (Gayle Pollack of counsel), for appellants.
Newman Ferrara LLP, New York (Ricardo M. Vera of counsel), for Rocio Pieternelle, respondent.
Schwartz Goldstone Campisi & Kates, LLP, New York (Herbert Rodriguez, Jr., of counsel), for Schwartz Goldstone Campisi & Kates, LLP, respondent.



Appeal from order, Supreme Court, New York County (Shawn T. Kelly, J.), entered October 14, 2020, which, insofar as appealed from as limited by the briefs, denied the cross motion of defendants Flomenhaft & Cannata, LLP, Flomenhaft Law Firm, PLLC, and Michael Flomenhaft (Michael and collectively, Flomenhaft) for a protective order limiting the scope of Michael's deposition, unanimously dismissed, without costs, as moot. Appeal from order, Supreme Court, New York County (Carol Sharpe, J.), entered November 25, 2020, which, insofar as appealed from as limited by the briefs, directed that Michael appear for a deposition on December 9, 2020 "and any other dates if the deposition is not completed," "produce all documents requested," and "answer all question[s] asked by the attorneys for all parties," unanimously dismissed, without costs, as moot.
Order, Supreme Court, New York County (Carol Sharpe, J.), entered December 17, 2020, which granted Flomenhaft's motion for an order directing that Swartz Goldstone Campisi & Kates LLC (SGCK) file a cross petition to the extent of deeming the November 15, 2016 cross motion and October 7, 2016 motion as cross petitions and deeming the motions and cross motions filed by both SGCK and Flomenhaft as pleadings, and denied Flomenhaft's motion for a protective order vacating SGCK's notices to admit and suppressing the documents attached thereto, unanimously modified, on the law and the facts and in the exercise of discretion, the motion for a protective order granted to the extent of suppressing the subject documents, and otherwise affirmed, without costs.
Appeal from order, same court and Justice, entered on or about April 14, 2021, which denied Flomenhaft's motion to reinstate the automatic stay of discovery under CPLR 3214(b), unanimously dismissed, without costs, as moot.
Flomenhaft's challenges to the length, timing, and scope of Michael's deposition, or to the motion court's manner of resolving disputes arising during the course thereof, are moot because the deposition has already been completed (see Matter of Roadway Express v Commissioner of N.Y. State Dept. of Labor, 66 NY2d 742, 744 [1985]; Matter of Henry St. Invs., Ltd. v Brennan, 153 AD3d 1403, 1404 [2d Dept 2017]; Matter of Cobleskill Stone Prods., Inc. v Town of Schoharie, 112 AD3d 1024, 1025 [3d Dept 2013]). In any event, nothing prevents Flomenhaft from moving to preclude the testimony at a hearing or trial. Flomenhaft's request that discovery be stayed pending determination of his summary judgment motion is likewise moot, as that motion has already been decided.
The motion court did not improvidently exercise its discretion in treating various motions filed by SGCK, particularly its November 15, 2016 cross motion, as petitions and pleadings, as that cross motion and the supporting affirmation make clear SGCK's position as to why Flomenhaft should be disqualified from receiving a fee (see Flores v Barricella, 123 AD2d 600, 600 [2d Dept 1986]).
In light of the circumstances, Flomenhaft is entitled to a protective order denying SGCK's use of the challenged notices to admit (see CPLR 3103[a]). The documents attached to SGCK's notices to admit, which speak to Flomenhaft's general financial position before and after the subject loan transactions, have no relevance to the material issues in the subject fee dispute (e.g., whether the client had the capacity to sign the subject loan agreements, whether Flomenhaft was aware of any incapacity, and whether the funds from the loans were misappropriated).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022