24-2272-cv
*Benjamin v. Carter*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-five.

Present:
>        RICHARD C. WESLEY,
>        MICHAEL H. PARK,
>        BETH ROBINSON,
>            *Circuit Judges.*

_____

RONALD BENJAMIN,

>            *Respondent-Appellant*,

>    v.                                                          24-2272-cv

ROSE CARTER, AS ADMINISTRATOR OF THE ESTATE OF SALLADIN BARTON,

>            *Plaintiff-Appellee.*\*

_____

FOR RESPONDENT-APPELLANT:     Ronald R. Benjamin, Law Office of Ronald R. Benjamin, Binghamton, NY.

FOR PLAINTIFF-APPELLEE:       Elmer Robert Keach, III, Law Offices of Elmer Robert Keach, III, Albany, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellee Rose Carter, acting as administrator of the Estate of Salladin Barton (the "Estate"), retained Respondent-Appellant Ronald Benjamin to pursue claims arising from Barton's death in Broome County jail. The Estate discharged Benjamin after less than a year and "provided [him] with a charging lien . . . pursuant to N.Y. Judiciary Law § 475." Joint App'x at 45. The Estate's new attorney, Elmer Keach, withdrew Benjamin's state-court complaint, which Keach described as deficient, and instead filed the underlying federal action against Broome County and its medical contractors. The Estate eventually settled its claims for $170,000, including $56,667.67 in contingent attorneys' fees. Keach informed Benjamin of this settlement in October 2022. Benjamin advised Broome County of his lien and claimed that he was entitled to 50% of the fees. Yet he never filed a petition to enforce his lien—even after the Estate petitioned the Broome County Surrogate's Court to approve the settlement and distribute the proceeds.

The district court granted the Estate's petition to disallow the lien, finding that Benjamin had waived his right by inaction. Benjamin appeals, arguing that the district court "abused its discretion by terminating [his] § 475 charging lien based on rejecting his reasonable efforts." Appellant's Br. at 57. We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

2

We review a district court's decision to disallow a charging lien under New York law for abuse of discretion. *Grace v. Fisher*, 355 F.2d 21, 22 (2d Cir. 1966). New York Judiciary Law § 475 provides that "the attorney who appears for a party has a lien upon his or her client's cause of action. . . . The court upon the petition of the client or attorney may determine and enforce the lien." "[T]he right to enforce such a lien will be waived by any action inconsistent with an intent to enforce the lien." *Kaplan v. Reuss*, 113 A.D.2d 184, 187 (2d Dep't 1985), *aff'd*, 68 N.Y.2d 693 (1986). "[I]f the attorney fails to enforce the lien within a reasonable time, the lien will be deemed waived." *Id.* (citation omitted).

Benjamin waived his Section 475 lien by inaction. Keach informed Benjamin of the settlement in October 2022. Benjamin promptly wrote to an attorney for Broome County, stating that he believed he was "entitled to 50% of the attorney's fees generated in the course of the action" despite playing no part in the federal litigation. But Benjamin took no action to enforce that interest under Section 475 despite an April 2023 order of the Surrogate's Court requesting objections to the Estate's petition to settle his claims. Nor did Benjamin act when the Estate petitioned the district court to disallow his lien in May 2024. His response to the district court's show-cause order merely invited further delay by requesting Keach's records and thirty days to retrieve his own. As noted by the district court, Benjamin's filing did not contest the Estate's waiver argument or explain how the earlier Surrogate's Court proceedings had failed to prompt him to locate his file.

Benjamin's delays and defaults have caused Defendants in the underlying action to withhold fees for more than two years. "The waiver rule is intended to prevent other parties from being misled by the attorney's actions or inaction." *Kaplan*, 113 A.D.2d at 187 at 407. Courts

3

have found Section 475 liens waived in similar circumstances. *See id.* (lien waived because attorney failed to petition before the Surrogate's Court resolved claims against the estate); *Todd v. Mut. Factors, Inc.*, 3 A.D.2d 537, 547 (1st Dep't 1957) ("[W]e find that plaintiff by long failing to assert his rights against the defendant assignee, waived them and is estopped from now enforcing these portions of his lien."), *aff'd*, 4 N.Y.2d 759 (1958); *Petition of Harley & Browne*, 957 F. Supp. 44, 49 (S.D.N.Y. 1997) ("This Court finds that the combined twenty-seven months that HB delayed, without explanation, in seeking to enforce its lien, renders enforcement improper now."). Accordingly, the district court did not abuse its discretion by disallowing Benjamin's lien under the doctrine of waiver.

\* \* \*

We have considered the remainder of Benjamin's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4